## RICE v. RICE.

It is no objection to interrogatories submitted to the jury for the purpose of a special verdict that they are leading.

Where a special verdict ascertains facts which are clearly sufficient to support the judgment, irrespective of other facts in relation to which an instruction is asked for and refused, the refusal of the instruction is unimportant.

Where an instruction is asked for in relation to evidence, which is not applicable to the facts proved, it may properly be refused.

The Court has no authority, in granting a divorce to a wife, to set off to her any part of the real estate of her husband.

Alimony can only be allowed to the wife in money.

A suit for a divorce, on behalf of the wife, was submitted for trial to a jury, who, by their verdict, found that the plaintiff was entitled to a divorce, and also ascertained the value of the husband's real estate, and set off a third of such real estate to the wife. Judgment accordingly. The Supreme Court

reversed the judgment below setting off to the wife a third of the real estate, but instructed the Court below, under ss. 569 and 570, 2 R. S. 1852, p. 161, to render a judgment against the husband, instead thereof, to the amount of the value of one-third of his real estate as ascertained by the jury.

Nov. Term,
1854.
————
RICE
v.
RICE.

APPEAL from the *Cass* Circuit Court.

Saturday,
January 6,
1855.

PERKINS, J.—*Julia M. Rice* filed in the *Cass* Circuit Court a complaint against *Gilbert J. Rice*, her husband, charging, after stating residence, marriage, &c., a long course of cruel treatment generally, and specifying certain particular acts; averring that, in consequence, she had separated from him never to return; praying a divorce, custody of children, &c., and alleging that her husband was possessed of certain property, &c.

The defendant answered, admitting the marriage, residence in the state, property, &c., but denying the cruel treatment, &c., the gravamen of the complaint.

For the trial of the issue, he demanded a jury, who were impanneled, sworn, &c., and who, at the request of the plaintiff, returned a verdict in response to interrogatories propounded by the Court, covering and reducing to points the charges contained in the complaint.

The verdict was both general and special. It found that there should be a divorce, and set forth the facts proved as the basis of the finding. It also found that the defendant was not a suitable person to have the custody of the children, and that the plaintiff was; and, in answer to the twenty-third interrogatory, which reads—"If the jury find for the plaintiff, what alimony do they assess in her favor?" they said they found for the plaintiff, and that, for alimony, she should have, in addition to one-third of her husband's real estate, the sum of 200 dollars. They returned the value, in money, of his real estate, with the amount of incumbrances upon it.

The Court decreed a divorce, that the plaintiff should have the custody of the children, be paid the 200 dollars, and have set off to her the one-third of the real estate, &c.

The Court, on the trial, gave the following instruction to the jury, to which the defendant excepted:

Nov. Term,
1854.

RICE
v.
RICE.

"A wanton and unfounded charge of adultery made by the defendant to the plaintiff, if you find such to have been made, may itself constitute a cause of divorce."

The Court refused to give this instruction, viz.:

"The conduct necessary to constitute cruel treatment must be not only habitual and continuous, but it must be aggressive in its character. Mere indifference or inattention of a husband, not accompanied with an omission to provide the necessaries of life, although habitual, can not of themselves constitute cruel treatment."

The defendant below, the appellant in this Court, insists that the Court erred on the trial—

1. In propounding the interrogatories to the jury in a leading and otherwise improper form.

2. In giving the instruction first above copied to the jury.

3. In refusing to give that secondly above copied.

4. In decreeing that one-third of the defendant's real estate should be set off to the plaintiff in the complaint.

The objection urged by counsel to the interrogatories put by the Court to the jury, does not strike us with much force. These interrogatories were more numerous than was necessary, some of them, perhaps, frivolous, and not propounded in the most happy manner; still there were a sufficient number, framed after the usual manner in such cases, to cover the ground necessary to a divorce; and the jury having found for the plaintiff below on them, the others may be regarded as insignificant surplusage. The leading form of the questions does not strike us as objectionable. They are not to be tested by the rule of putting questions to witnesses. A witness is called to state what he knows, what he can prove between the parties; the jury is then to respond to the question, what has he proved? So, upon the whole case. The plaintiff makes a charge against the defendant, and asks, on its being shown to be true, that a certain judgment shall be rendered against him. The truth may be shown by the admission of the defendant, and, in that case, proof is, in ordinary cases,

Nov. Term,
1854.

RICE
v.
RICE.

unnecessary. But when the defendant denies the charge, the burden falls upon the plaintiff to prove it; and after he or she has made the attempt by introducing such evidence as may be available, the question arises with the jury, is the charge proved? has the plaintiff established this fact, and that fact, and all the facts necessary to make good the case?

The practice corresponds to this view.

The following are the questions propounded, and the responses returned, constituting the verdict, in the celebrated *Forrest* case, before chief justice *Oakley*, of the Superior Court of the city of *New-York:*

"1st. Has or has not the defendant, *Edwin Forrest*, since his marriage with the plaintiff, *Catharine N. Forrest*, committed adultery as in this complaint charged?

"*Answer*—He has.

"2d. Were or were not the said plaintiff and defendant both inhabitants of this state at the time of the commission of such adultery by said defendant?

"*Answer*—They were.

"3d. Was or was not such adultery committed by said defendant within this state?

"*Answer*—It was.

"4th. Was or was not the said defendant a resident of the state of *New-York*, at the time of the commencement of this action?

"*Answer*—He was.

"5th. Has or has not the said plaintiff committed adultery, as alleged against her in the answer in this action?

"*Answer*—She has not.

"6th. Was or was not the plaintiff a resident and inhabitant of this state at the time of the commencement of this action?

"*Answer*—She was.

"7th. Was or was not the plaintiff an actual inhabitant of this state at the time of the commission of such adultery by the defendant within the state, and also at the commencement of this action?

"*Answer*—She was.

"8th. What amount of alimony ought to be allowed annually to the said plaintiff?

"*Answer*—Three thousand dollars.

"The jury say, that they find for the plaintiff on the whole issue in the pleadings, and that in answer to, they find in the affirmative on the 1st, 2d, 3d, 4th, 6th and 7th questions of fact specified in the order of *December* 24th; and in the negative on the 5th question of fact specified in the said order; and that the alimony to be allowed the said plaintiff shall be three thousand dollars per year. *January* 24, 1852. (Signed,) *Stephen W. Meech, Foreman.*"

The question was raised, in the Supreme Court of the state of *New-York*, upon this practice of addressing interrogatories to juries, and received consideration in the case of *McMasters and Bruce* v. *The Westchester County Mutual Insurance Company*, 25 Wend. 379. The practice was approved of. The questions put in that case are given in the report, are all directly leading, and, says *Nelson*, C. J., in delivering the opinion of the Court, are in accordance with the practice on the circuits in the state, and unobjectionable.

2. The instruction given by the Court and objected to, seems to us to be correct, but it is not necessary that we should so decide; for the verdict, showing the facts proved, presents abundant ground for the divorce, irrespective of the particular charge named in the instruction, and hence that becomes, in considering the case in this Court, unimportant.

3. In regard to the instruction refused, we may remark—

*First.* The Court might well have refused it, because it did not assume the facts as proved, and was not, therefore, applicable to the case made. That instruction rests upon the assumption that the evidence proved nothing more than mere silent neglect, and that assumption is not true. For example, questions ten, thirteen and fourteen are, in substance, has the defendant, during the coverture of the parties, in sickness and in health, habitually insulted, vexed, and harassed his wife? And the jury respond that he has. Here is something more than mere indifference, something

bordering, we think, very closely upon the aggressive, and showing that the instruction asked did not correspond with the facts proved, and would have been calculated to mislead.

*Secondly.* We may remark of this instruction that it seems to contemplate an entirely physical, sensual view of the marriage relation; and if that relation has no aim to the social happiness and mental enjoyments of those united in it, the instruction should have been given. But if it is otherwise, if it be true that we are possessed of social, moral, and intellectual natures, with wants to be supplied, with susceptibilities of pain and pleasure; if they can be wounded and healed, as well as the physical part, with accompanying suffering and delight, then, we think, that conduct which produces perpetual social sorrow, although physical food be not withheld, may well be classed as cruel, and entitle the sufferer to relief. And, in point of fact, we have no doubt that mere cold neglect, such as is assumed in the instruction, has sent broken-hearted to the grave hundreds of wives, where the dagger, poison, and purposed starvation have sent one. Men generally supply a sufficiency of food to their brute animals.

4. The decree setting off one-third of the real estate to the wife was erroneous. No statute authorizes it. Section 20, 2 R. S. 1852, p. 237, enacts that "a divorce decreed on account of the misconduct of the wife, shall entitle the husband to the same rights, so far as *his* or *her* real estate is concerned, as he would have been entitled to by her death;" but, very singularly indeed, and repugnant to the whole spirit of our modern legislation on the subject, a similar provision is not made, in behalf of the wife, in respect to the property of the husband, on a divorce for his fault; and alimony is not granted in real estate, but in money, as our statute provides. Section 19, 2 R. S., *supra*, declares that the Court shall make such other decree for alimony as the circumstances of the case, the pecuniary condition of the parties, &c., shall render just and proper; and section 22, p. 237, enacts that it shall be for a sum in gross. Still, in this case, the jury found facts that would

have enabled the Court to render a proper decree; they found that the real estate of the defendant below, was worth a fraction over 13,000 dollars, that it was incumbered to the amount of about 4,000 dollars, that he had personal property of the value, &c., and that, on the granting of the divorce, the wife should have one-third of the real estate, and 200 dollars over.   Here were all the facts, all the elements necessary to the rendering of a decree, according to the intention and verdict of the jury.   The Court had only to take one-third of the value, as found, of the real estate, add to that sum 200 dollars, and make that the amount of the alimony.   These facts all appear in the record, and, such being the case, the duty of this Court, in the premises, is indicated by sections 569 and 570, 2 R. S., p. 161, which provide that the Supreme Court may reverse or affirm judgments below in whole or in part; and when reversed, in whole or in part, if no new trial is required, may remand the cause, "with particular instructions relative to the judgment to be rendered, and all modifications thereof."

Under these sections, we affirm the decree for the divorce, with the return of certain articles of property to the wife, &c., and that the plaintiff below recover as alimony one-third of the value of the real estate, and 200 dollars, with costs, &c.; and reverse that part of the decree, and only that part, setting off one-third of the real estate specifically, and we shall hereinafter direct a modification of the decree upon that point.

The real estate, as we have said, was found to be of the value of a fraction over 13,000 dollars, and incumbered to the amount of 4,000 dollars.   It is not shown whether those incumbrances are anterior or posterior to the marriage, nor whether they are, for any cause, operative against the wife; hence, perhaps, the verdict would authorize the assigning to her one-third of the actual value of the lands; but we think it safer, and more equitable, to throw the doubt against the plaintiff, who might and should have removed it, and deduct the incumbrances, giving the wife one-third of the residue.

The amount will be arrived at thus:

| | |
|---|---:|
| Total value of real estate, | $13,000 |
| Incumbrances, | 4,000 |
| Balance, | $9,000 |
| One-third of this sum, | 3,000 |
| Two hundred dollars in addition, | 200 |
| Total alimony to be given, | $3,200 |

As to the payment of the alimony, section 22, *supra*, provides that the Court, in its discretion, may give a reasonable time for its payment, by instalments, on sufficient surety being given. We think these instalments should be, 200 dollars in hand, 500 dollars in six months, 500 dollars in one year, 1,000 dollars in eighteen months, and 1,000 dollars in two years, all with interest, on sufficient surety, &c., and that the same be charged as a lien upon the defendant's real estate.

STUART, J., was absent.

*Per Curiam.*—This cause is remanded to the Court below, with instructions to modify the decree as above indicated; and it is considered that the appellee recover her costs in this Court.

*L. Chamberlain, Z. Baird, H. P. Biddle, B. W. Peters* and *J. M. La Rue,* for the appellant.

*D. D. Pratt* and *S. C. Taber,* for the appellee.