## GEORGE P. UHL v. ELIZA JANE IRWIN *et al.*

1. PROBATE COURTS—*Jurisdiction in Divorce Proceedings—Sufficiency of Complaint to Give Jurisdiction.* The same complaint is before the court in this case which was before the court for consideration in the case of *Irwin v Irwin,* (2 Okla. Rep. 180; 37 Pac. 548) and on rehearing (this volume, p. 186; 41 Pac, 369) and the conclusions there reached are followed in this case, and it is *held:* (1) That on January 14, 1883, probate courts had jurisdiction to hear and determine actions for divorce. (2) That the complaint for a divorce in a probate court must show that the plaintiff had been a resident of the territory for two years and of the county six months next preceding the date of the filing of the complaint, but if the complaint stated that the plaintiff had been a resident of the territory six months and was then a resident of the county, the plaintiff might amend her complaint and the defect in the complant would not entirely deprive the probate court of jurisdiction of the cause. (3) That a complaint for divorce which charged that the defendant had been guilty of cruel and inhuman treatment toward the plaintiff, and alleged facts showing that the defendant had slapped the plaintiff and had violently cursed and abused her, and that he had failed and refused to provide for plaintiff and her children, was sufficient to give the probate court jurisdiction to hear her cause for divorce upon the statutory ground of extreme cruelty.

2. DIVORCE PROCEEDINGS—*Restraining Order, Complaint.* It is not necessary that the complaint in divorce proceedings under the Code of 1890 should allege the facts entitling plaintiff to a restraining order, or pray for a restraining order against the defendant to prevent the disposition of his property in fraud of the plaintiff's rights, but those facts may be set up in the affidavit asking this auxiliary relief without being stated in the complaint

3. RESTRAINING ORDER—*Lost; Chattel Mortgage.* Where, in a divorce proceeding a restraining order has been properly granted, commanding the defendant not to dispose of his property pending the action

for divorce, such order is operative upon all persons having notice of the granting of such order, although the order and the return of service may be lost or removed from the files of the court.

4. DIVORCE PROCEEDINGS—*Restraining Order; Notice of Application Therefor.* A restraining order which has been granted without notice to the defendant, in a divorce proceeding, is not void, and may not be attacked collaterally, upon the ground that the emergency therefor was not sufficiently shown.

5. DIVORCE — *Alimony — Decree of Alimony in Specific Property Erroneous but Not Void.* While the decree for alimony under the Statute of 1890 should have been made for a sum of money in gross, and not for specific property, yet such a decree was not void as against the collateral attack of one claiming a chattel mortgage upon the property which was the subject of the decree, and which chattel mortgage had been taken prior to the decree of divorce and in violation of the restraining order against the defendant's making a disposition of his property.

*Error from the District Court of Payne County.*

*George P. Uhl,* for plaintiff in error.

*W. W. Williams* and *Robert A. Lowry,* for defendant in error.

The opinion of the court was delivered by

BIERER, J.: George P. Uhl, the plaintiff in error, brought his action in replevin in the district court of Payne county, on the 25th day of February, 1893, to recover six head of horses. It appears that on the 14th day of January, 1893, Eliza Jane Irwin brought an action for divorce in the probate court against her husband, Elorenzo (Lorenzo) Irwin. In her petition she also prayed for a judgment for alimony. On the same day she filed in the probate court her affidavit, setting up, among other things, that the defendant was threatening to convey away his property for the purpose of preventing her from collecting any judgment for alimony that she might procure in said action, and asked the probate court for an order restraining the defendant in that action from disposing of his

property, which order was duly made and served upon the defendant. George P. Uhl, plaintiff in error, was employed by the defendant in this divorce proceeding as his counsel, and on February 14, 1893, Lorenzo Irwin gave to Uhl two promissory notes, one in the sum of $25 and one in the sum of $100, the $100 note being for a fee in the divorce case, and the $25 note being for certain expenses incurred by Uhl while representing Irwin in the divorce case, and to secure the payment of these notes, gave a chattel mortgage on the property for which Uhl brought this suit. Upon the trial of the action for divorce a decree was rendered in favor of Eliza Jane Irwin for divorce, and as alimony she was given the specific personal property in controversy here. On the trial in the district court judgment was rendered denying Uhl the right to recover possession of this property. He appeals to this court and urges several objections to the validity of the judgment. He contends that the order of the probate court of January 14, 1893, restraining Lorenzo Irwin from disposing of his property was void, and therefore could, in no way, prevent Irwin from giving, and the plaintiff from taking, this chattel mortgage, because the probate court had no jurisdiction to entertain the divorce proceeding of Eliza Jane Irwin against her husband. This contention is based upon three specific objections: First, because it was a proceeding for divorce and the probate court had no jurisdiction to entertain such a proceeding; second, because the pleadings in the case fail to show a cause of action; third, because the divorce was granted upon the allegation of cruel and inhuman treatment, and this was not a ground for divorce under the Oklahoma Statutes.

The contention of plaintiff in error cannot be sustained upon any of the particular grounds urged. These questions have all been passed upon in the case of *Irwin v. Irwin,* in the original opinion, (2 Okla. Rep.

180; 37 Pac. 548,) and the decision in this case on re-hearing handed down at this term of the court, (this vol. 186; 41 Pac. 369.) The pleadings and proceedings in that case were the same to which the plaintiff in error again urges these objections, and it is unnec-essary to enter into a further discussion of them. The conclusions arrived at in that case are followed here.

Plaintiff in error, however, insists that even if the probate court may have had jurisdiction to entertain an action for divorce, and the proceedings in the case of *Irvin v. Irvin* may have been sufficient to give the court jurisdiction of that action as a divorce proceed-ing, the restraining order made against Lorenzo Irwin making any disposition of his property, pending the divorce proceeding, is void, because no facts were set up in the complaint for divorce which would author-ize such restraining order, and unless the complaint in the case did set up grounds for the issuance of the restraining order, it could not be issued upon the affi-davit of the plaintiff in the case, and the affidavit which was filed could only be used in support of the proper allegations made in the complaint. Plaintiff in error cites numerous Indiana decisions upon this question, the last of which is *College v. Moss*, 77 Ind. 139. In this case it is held that, generally, it is erroneous to grant a temporary injunction without the complaint having a prayer for this relief, but in this case it is also stated that there is a specific exception to this rule, and that is where the defendant threatens, or is about to, remove or dispose of his property. This exception is specifically provided for in the Indiana statute re-lating to injunction proceedings. Now the divorce procedure under the Indiana statute, our Statute of 1890, provides that "pending a petition for divorce, the court, or judge thereof in vacation, shall make, and by attachment, enforce such orders for the dispo-sition of the persons, property and children of the

parties as may be deemed right and proper. * * *
*Provided,* That such orders shall be made under the
same rules and regulations, and upon such notice as
restraining orders and injunctions are granted in other
civil actions, except that no bond shall be required of
either party." (Section 4975.)

Now if a restraining order may be granted in an
ordinary action of injunction when it is shown by
affidavit, with no mention of this cause for relief
being made or prayed for in the complaint, that the
defendant is threatening to or is about to dispose of
his property to defeat creditors, the relief being asked
for on a similar ground in a divorce case, we see no
reason why the court could not grant it upon the same
kind of an application therefor. Besides this, the
power given by this divorce procedure, pending the
action, to make and enforce proper orders, the extent
of which power is limited only by the discretion of the
court, properly exercised, is most comprehensive in
its terms, and there is no requirement here that this
relief should be asked for in the complaint, and in
fact, it would seem to be intended, and it certainly
was so intended, that it should not be necessary to ask
the relief in the complaint. The court is to make the
order pending the proceedings, presumably upon some
showing made by the parties that such relief ought to
be had. It should only be made when the exigency
therefor is made apparent, and it very often occurs
that no necessity for such an order is made to appear
at the time the complaint or petition for divorce is
filed, but the defendant in the case afterwards does
something indicating his desire to place the property
beyond the reach of the decree for alimony which may
be made in the case. It certainly would be unreason-
able to hold that, under such a statute as this, it
would become necessary for a party to amend his or
her petition in order to entitle him or her to this aux-

iliary relief.   The affidavit is all that is required to give the court jurisdiction to make the order.

Plaintiff in error also contends that this order restraining Lorenzo Irwin from disposing of his property, could not prevent him from taking this chattel mortgage, because when he procured a certified copy of the proceedings in the probate court on February 14, 1893, there was no order among the papers, and nothing to show that the order had been served upon the defendant in that case.   There is nothing whatever in this contention.   He admitted on his own cross-examination that he knew the restraining order had been made, and the evidence clearly shows that it had been personally served on Lorenzo Irwin, by reading the same to him and delivering him a copy thereof, before the chattel mortgage was given.   Its temporary or permanent removal from the files could be no justification or excuse for its violation, either by Irwin himself or any other person.   The order and the return of service being lost, it was proper to prove both of these by the parol evidence of the deputy sheriff who served the order.   The fact, also, that Lorenzo Irwin was called in the divorce proceedings, Alonzo and Elorenzo Irwin, could not affect this restraining order. Mr. Uhl knew that the person referred to was Lorenzo Irwin.   The action had been brought by Eliza Jane Irwin, his wife, and Lorenzo Irwin's father had employed Mr. Uhl to appear and defend him in this very proceeding, and Mr. Uhl does not even pretend that he did not know at the time of the taking of the chattel mortgage that Lorenzo Irwin, of whom he took the chattel mortgage, was the person who had been restrained from making a disposition of his property. The court could not permit a suspension of the operation of a restraining order upon such a quibble as this. Besides this, if objection had been made to the order on this account, the defect might have been cured by

amendment, and such a mistake could not in any way affect the validity of the proceedings.

Mr. Uhl further objects to the validity of this restraining order because it was granted without notice. We might concede that, upon the showing made for a restraining order, it should not have been granted without notice, and that the probate court should have required notice before issuing the order. The statute, however, does not make notice a prerequisite to the granting of a restraining order. The statute permitted the court to issue a restraining order without notice upon an emergency being shown, and if the emergency was not sufficiently shown to entitle the plaintiff to an order without notice, the question should have been raised by proper application to vacate the order. There being a reason shown for granting the order, the question as to whether or not it should or should not have been granted without notice upon the emergency shown, could not be raised in a collateral proceeding.

Plaintiff in error further objects to the validity of the judgment against him because the degree rendered in the probate court in the divorce proceeding grants Eliza J. Irwin alimony by decreeing her specific personal property. The decree of the probate court was erroneous in this respect. The decree should have granted alimony in a gross sum of money and not in specific property. (*Rice v. Rice*, 6 Ind. 100; *Green v. Green*, 7 Ind. 113.) In both of these cases it is held that a decree of specific property for alimony is erroneous under the Indiana divorce law, but in neither of them is it held that such a decree is void; nor are we cited to any cases which so hold. In the case of *Rice v. Rice, supra*, the supreme court, while reversing the case, took into consideration the evidence upon which the court below had decreed to the wife one-third of the defendant's land, and upon that evi-

dence ordered the court below to give a judgment for alimony to the wife in a gross sum, which was one-third of the value of the land, and the money judg-ment which the court below had made, and ordered that this judgment should be held a lien upon defend-ant's real estate. Although the decree of the probate court was erroneous, we hardly think that it was void. While, had the defendant in that case saved the proper exceptions, he could have procured a reversal of the judgment on that question on appeal, Mr. Uhl cannot attack it collaterally, and particularly should this be true when he is attempting to assert a prior claim to the property which was the subject of this decree, by a chattel mortgage taken in violation of the restraining order of the court, which was in full force and effect when the mortgage was given.

The judgment of the court below is affirmed with costs.

Dale, C. J., not sitting; all the other Justices con-curring.