St. Louis and San Francisco Railway Company et al. v. Easley, McAdams & Company.

Decided March 24, 1906.

**Shipment of Cattle—Damages—Statement by Conductor—Irrelevant.**

In a suit for damages to a shipment of cattle resulting from rough handling, delay in transportation and failure to feed, water and rest the cattle, it was reversible error to permit the plaintiff to testify that the conductor of the train, when told by plaintiff that he wanted the cattle to reach the market on a certain day, said in substance that the company did not care whether they got cattle shipments or not, they made more money out of merchandise than out of cattle, no authority in the conductor to make such statement having been shown.

Appeal from the County Court of Hardeman County. Tried below before Hon. J. C. Marshall.

*C. H. Yoakum* and *Fires & Decker,* for appellant.

*Duncan G. Smith,* for appellee.

CONNER, Chief Justice.—Appellees instituted this suit against the St. Louis & San Francisco Railway Company and the St. Louis, San Francisco & Texas Railway Company to recover damages to 197 cattle shipped by appellees from Quanah, Texas, to East St. Louis, Illinois, over the railway lines of the companies named. The negligence alleged consists of "rough handling, delay in transportation, and failure to feed, water and rest the cattle." A trial before a jury resulted in a verdict against the defendant St. Louis & San Francisco Railway Company for $677.50, together with $30 interest, and in favor of St. Louis, San Francisco & Texas Railway Company.

Over the objection of appellant company, J. J. McAdams, a member of the appellee firm, was permitted to testify: "I told the conductor

that I wanted the cattle to get into S. Louis for the market on that date. And he said that he didn't want the cattle no way; that they got so much other freight that they did not care whether they got them or not. He said that it was none of his business to make those talks; but they got more money out of merchandise than they did out of cattle; and they didn't care whether they got any cattle or not." The objection to this testimony was that the conductor had no authority to make such statement, and error is assigned to the action of the court in overruling the objection. We think it quite apparent that the assignment must be sustained. The character of the evidence is plainly prejudicial. No authority in the conductor to so speak was shown, and we do not think it properly a part of any act of the conductor then pending. See St. Louis, I. M. & S. Ry. v. Carlisle, 9 Texas Ct. Rep., 183; Ft. Worth & D. C. Ry. v. Lock, 5 Texas Ct. Rep., 1014; Ft. Worth & D. C. Ry. v. Snyder & Dupree, 14 Texas Ct. Rep., 121; Waggoner v. Snody, 85 S. W. Rep., 1134.

In view of the foregoing conclusions it becomes unnecessary to consider the assignment questioning the judgment as excessive.

For the error of the court, however, in the admission of the testimony quoted, the judgment as against this appellant is reversed and the cause remanded.

*Reversed and remanded.*