MOLLIE TURNER v. WILL TURNER.

Decided November 6, 1907.

**1.—Divorce—Injunction Against Disposing of Community Property.**

Under article 2984 Revised Statutes, an allegation in a verified petition for divorce that the defendant husband is likely to dispose of the community property during the progress of the suit makes it the duty of the trial court to issue a restraining order preventing such disposition.

**2.—Practice on Appeal—Injunction—Receiver.**

On appeal from an interlocutory order dissolving an injunction the propriety of such order alone is in question, and the Appellate Court has no power to direct as to the appointment of a receiver.

Appeal from an interlocutory order of the District Court of Robertson County dissolving a temporary injunction. Tried below before Hon. J. C. Scott.

*Bailey, Woods & Morehead,* for appellant.—In a suit brought by the wife for divorce and partition of the community property, she is entitled to an injunction to restrain her husband from selling or encumbering said property in any way or manner whatever during the pendency of the suit. Art. 2984, R. S. of Texas; Wright v. Wright, 3 Texas, 168; Dority v. Dority, 96 Texas, 215; 60 L. R. A., 941; Speer on Married Women, sec. 340.

The court erred in wholly dissolving said injunction and leaving the rights of the wife absolutely unprotected, and leaving the husband free to dispose of and squander the entire estate, but should have modified same to such an extent that he would have been required to account for the property and the proceeds thereof, and make them subject to the judgment of the court upon a final hearing of said petition. Whenever it appears proper and reasonable that some disinterested

party should be placed in possession of the property to prevent fraud or save it from injury or material deterioration, or destruction, a receiver should be appointed. Arts. 1465, 1492, Rev. Stats.; 106 Fed., 574; 90 Fed., 129; 89 Fed., 125; Bosworth v. Terminal R. R. Association of St. Louis, 174 U. S., 186; Simpkins on Equity, 519; Watson v. McKinnon, 73 Texas, 211; Shulte v. Hoffman, 18 Texas, 678; Rische v. Rische, 19 Texas Ct. Rep., 383; Beach on Receivers, secs. 93, 566-574.

*Kinard & Goodman,* for appellee.

FISHER, CHIEF JUSTICE.—The appellant has on file a suit in the District Court of Robertson County against appellee for divorce. As a part of the controversy it is alleged in her petition that she and the defendant owned certain community property, and she avers that she fears that the defendant, during the pendency of the suit, will dispose of the community property, and she prays for an injunction restraining him from so doing. She also requests that he be required to return an inventory and make an accounting of the community estate, and that a receiver be appointed.

The judge of the District Court where the suit is pending granted a temporary writ of injunction, but in vacation, on motion, dissolved the same. It is from this order of dissolution that this appeal is taken, which right is authorized by the Act of April 16, 1907.

It is contended by appellant that by virtue of article 2984 of the Revised Statutes, as well as from the facts as stated in the record, the trial court erred in dissolving the temporary writ. We think the appellant is correct in both contentions. We can not find where the article in question has been directly construed, but the intimation is strong in Wright v. Wright, 3 Texas, 168, that the purpose of the statute was, upon averment of the plaintiff in her petition that the defendant, during the progress of the suit, is likely to dispose of the community property, that it becomes the duty of the trial court to issue its restraining order preventing such disposition. This seems to be the meaning of this provision of the statute. But, however, if we are mistaken in this view, we are clearly of the opinion that the facts, as found in the record, were of such a nature as would have justified the trial court in keeping alive the temporary writ. Having reached this conclusion, we suppose the trial court, when the case is returned to him, will make such orders as he may see fit, requiring the appellee to return an inventory of the property and to account for the same, and to make such orders as the court may see fit to make with reference to the appointment of a receiver.

As we construe the statute our jurisdiction is merely limited to a review of the action of the trial court in dissolving the injunction. The statute permits an appeal from an order in vacation either granting or dissolving an injunction; and we find nothing in this or any other statute, in view of the fact that our jurisdiction is thus limited, to authorize us to review the action of the trial court in failing or refusing to appoint a receiver.

The judgment of the trial court will be reversed, with instructions

to that court to keep alive its temporary injunction during the pendency of the suit under the present bond, or such additional bond as the trial court may see proper to require the appellant to execute..

*Reversed with instructions.*