## DAWSON v. DAWSON.†

(Court of Civil Appeals of Texas, El Paso. Oct. 26, 1911. Rehearing Denied Nov. 15, 1911.)

DIVORCE (§ 280*)—ORDERS APPEALABLE—FINALITY—"FINAL JUDGMENT."

An order refusing to set aside an order for alimony and to quash an execution to enforce it, though issued after the dismissal of the suit, is not a "final judgment," within Rev. St. 1895, arts. 1337, 1383, providing that only one final judgment may be rendered in any case, and limiting appeals to appeals from final judgments, and is not appealable.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 764; Dec. Dig. § 280.*

For other definitions, see Words and Phrases, vol. 3, pp. 2774–2798; vol. 8, p. 7663.]

Appeal from District Court, Harris County; W. P. Hamblen, Judge.

Action by A. N. Dawson against S. P. Dawson for divorce. From an order refusing to set aside an order allowing alimony and to quash an execution to enforce the order, plaintiff appeals. Dismissed.

See, also, 132 S. W. 379; 136 S. W. 1149.

Anselm H. Jayne, for appellant. James A. Breeding, for appellee.

PETICOLAS, C. J. In February, 1909, A. N. Dawson sued S. P. Dawson, his wife, for divorce. By order made February 27, 1909, the court allowed alimony at $25 a month, until the further order of the court. On May 12, 1909, the cause was reached for trial, and the suit dismissed. On September 19, 1910, the defendant moved for an execution on said order for alimony, and the court granted the motion. Execution was issued and levied on certain property, whereupon A. N. Dawson moved the court to enter an order disallowing alimony, to quash the execution, and have such necessary restraining order or injunction as might be required. This motion the court overruled, and plaintiff excepted thereto, and gave notice of appeal, and has filed a transcript of these proceedings in this court.

The appellee, S. P. Dawson, moves in this court to dismiss the appeal, because the proceedings below do not constitute a final judgment. The appellee's attorney has filed no brief or authorities in support of his motion, relying, we infer, upon this court to investigate the matter for him. Where counsel are so indifferent or careless as not to present authorities in support of the relief which they seek, they should not feel chagrined if the court adopt a view contrary to their wishes. In this instance, however, we are not able to do this, as we do not believe the order of court refusing appellant's motion, which is appealed from, is a final judgment. It is probably true that the district court had power to control the execution in this proceeding. It has been decided (see Wright v. Wright, 6 Tex. 31) that no execution can issue for alimony after the suit is dismissed. If that is the law, the execution for alimony subsequent to the dismissal of the suit was void. In Ex parte Davis, 101 Tex. 607, 111 S. W. 396, 17 L. R. A. (N. S.) 1140, Judge Brown said "that the order [one for alimony] made in this case was not a final judgment, for it was subject at any time to modification, or even to be set aside and annulled, by the judge who entered it, and the performance of it could be by the judge excused at any time upon a showing of inability or other good reason why it should not be performed."

It seems apparent from this that the district court might, and probably should, have quashed this execution and terminated the alimony as of the date of the dismissal of the suit; but it will be understood that we

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

140 S.W.—33　　　† Application for writ of error dismissed by Supreme Court.

do not so hold, because we do hold that we have no right to review the judge's orders in this proceeding. Article 1383 of our statutes (Rev. St. 1895) provides that appeals may be taken only from final judgments. Article 1337 provides that only one final judgment can be rendered in any case. The Supreme Court has held, in Ex parte Davis, supra, that a decree for alimony is an interlocutory judgment. It follows, a decree for alimony being an interlocutory judgment, that an order on a motion to set it aside, or to quash the means of securing it, is also interlocutory. In addition to this, there can be but one final judgment. In this case the final judgment was the judgment of dismissal, and not the subsequent invalid proceedings with reference to alimony.

This appeal is therefore dismissed.