### GARDNER v. GARDNER.

(Court of Civil Appeals of Texas. San Antonio. March 12, 1913.)

DIVORCE (§ 280*) — ORDERS APPEALABLE — "FINAL JUDGMENT"—ORDER FOR PAYMENT OF ALIMONY.

Under Rev. Civ. St. 1911, arts. 2078–2080, providing that appeals may be taken to the Courts of Civil Appeals, from every final judgment in the district court, but that there can be no appeal from interlocutory orders, except as specially provided by statute, and in the absence of any statute providing an appeal from an order granting alimony, an order in an action for divorce, where the main issues were divorce and the custody of children, made before final judgment, for the payment of alimony, for which defendant had been made liable, was not a "final judgment," from which an appeal would lie.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 764; Dec. Dig. § 280.*

For other definitions, see Words and Phrases, vol. 3, pp. 2774–2798; vol. 8, p. 7663.]

Appeal from District Court, Bexar County; Claude V. Birkhead, Judge.

Action for divorce by Mary S. Gardner against Mortimer S. Gardner. From an order for the payment of alimony, defendant appeals. Cause dismissed.

Luther Nickels, of Hillsboro, for appellant. M. S. Hallam, of Jackson, Miss., for appellee.

FLY, C. J. Appellee sued appellant for a divorce from the bonds of matrimony. It is perhaps needless to state that the divorce was granted, and appellant does not seem to be at all aggrieved at that result, and the award of the custody of the children to appellee; but this appeal is the result of the court decreeing that appellant should pay certain alimony, amounting to $71.65, which was due and unpaid.

This is a second divorce of the parties from each other. This suit was instituted on June 19, 1911, and on October 28, 1911, appellee applied for alimony during the pendency of the suit, and upon a hearing it was ordered by the court that appellee "should be granted alimony in the sum of $50 per month, beginning November 9, 1911, until the final determination of this case." The second order is appealed from, and was given before the final judgment was rendered, is in relation to alimony, and is separate from, and not made a part of, the final judgment. It was made, as recited therein, "before final disposition of this case." It was not a final judgment. The order made no attempt to adjudicate or in any manner dispose of the main issues of the suit, which

were divorce and custody of the children. It merely directed the payment of alimony, for which appellant had been made liable. It did no more than the order allowing alimony had done before. No appeal was taken from the final judgment in the case, and it is not set out in the application for writ of error or in the error bond. The order as to the alimony was merely an interlocutory order, from which there was no appeal.

It is provided in the statute that appeals or writs of error may be taken from every final judgment in the district court to the Courts of Civil Appeals; no appeals being allowed from interlocutory orders except in those cases specially provided for by statute, such as the appointment of a receiver or trustee, or orders granting or dissolving temporary injunctions. Rev. St. 1911, arts. 2078, 2079 and 2080. No provision has been made in the statutes for appealing from an order granting or refusing alimony, and, not being a final judgment, no appeal from it will be entertained. Williams v. Williams, 125 S. W. 937.

The cause is dismissed.