## DAKAN v. DAKAN.
### No. 1119.

Court of Civil Appeals of Texas. Eastland.

Oct. 21, 1932.

Conner & McRae, of Eastland, for appellant.

M. E. Lawrence, of Eastland, for appellee.

FUNDERBURK, J.

On February 11, 1932, Mrs. Agnes Dakan filed this suit against C. B. Dakan, the Commercial State Bank of Dallas, and the First State Bank of Stamford. As against C. B. Dakan the suit was for divorce and to recover title to one-half of all community property of the plaintiff and said defendant, and also for an injunction. As against the two banks it sought injunction to restrain them from delivering or paying over to C. B. Dakan any moneys on deposit to his credit. The petition, in addition to allegations of the necessary jurisdictional facts of inhabitancy and residence of the plaintiff and of the marriage of the plaintiff and C. B. Dakan (on or about November 13, 1931), and their separation (on or about January 27, 1932), for grounds of divorce alleged that, since said separation, "plaintiff has not lived with the defendant because of his cruel and harsh treatment as hereinafter set out * * * the defendant, soon after their marriage, began a course of cruel and harsh treatment toward plaintiff which has increased as the months passed by until on or about the 27th day of January, 1932, living with the defendant C. B. Dakan became altogether impossible and insupportable. * * * That defendant's actions and conduct toward her generally are of such a nature to render their further living together as husband and wife insupportable."

As a basis for injunction, plaintiff alleged that, at the time of the marriage, she "was possessed with" an automobile (fully described), and that "during her marriage with the defendant there had been acquired other properties, the exact description of which is unknown to this plaintiff. * * * Defendant, from time to time, has collected funds belonging to the plaintiff and defendant and now has in his possession, the whereabouts of which is unknown to plaintiff, several

thousand dollars, which is on deposit in the name of the defendant in the Commercial State Bank of Dallas, or First State Bank of Stamford, Texas, or is held by the defendant in currency and is in the custody of said banks in lock boxes and all of said property is the property of the plaintiff and defendant. In this connection plaintiff says that the defendant is fraudulently concealing from this plaintiff, withholding and refusing to deliver said moneys, and is threatening and attempting to take said moneys from the jurisdiction of this court and to deprive the plaintiff of the value thereof, and further, said defendant threatens and is attempting to and will sell and remove from the jurisdiction of this court and beyond the reach of the plaintiff, all of the property now in the possession of the defendant, and unless restrained the defendant will take from the same and the plaintiff herein will suffer irreparable injury and loss unless the defendant is enjoined from managing, exercising control over, selling, removing, disposing of or interfering in any way or manner with said property now in his possession or unless the said Commercial State Bank of Dallas and the First State Bank of Stamford is restrained from paying to or delivering to the defendant any moneys on deposit in said banks, plaintiff will suffer irreparable injury." The prayer was, among other things, for divorce, and "that an injunction issue forthwith against the defendant C. B. Dakan, restraining him from disposing of, incumbering or selling any of the property now in his possession, restraining the defendant from harming the person of plaintiff and commanding the defendant to deliver forthwith to the plaintiff herein her said automobile. * * * That the defendant banks be enjoined from delivering to the defendant or any other person any moneys on deposit or in their custody in the name of the defendant. Plaintiff further prays that the defendant be required by order of this court to file under oath in this cause within five days with the clerk of this court a complete list of property, real and personal, moneys, notes, bonds, certificates or any other evidence of money or property which he has in his possession directly or indirectly, either in his name or in the name of any other person, with the description, amount and location thereof, and the plaintiff have judgment decreeing title to one-half of any property, costs of suit, and for such other and further relief as she may be entitled to in law and in equity."

The judge in chambers, and without notice, granted the injunction as prayed for, but particularizing the acts enjoined and commanded as follows: " * * * Restraining the defendant C. B. Dakan from inflicting any harm to plaintiff, and from selling, disposing of, removing any of the property that may be in his possession or under his control, and directing the said defendant C. B. Dakan to file within five days from the date this injunction is served upon him under oath an inventory of any and all properties, real, personal or mixed, in his possession or under his control, showing the number, amount, character, location and whereabouts of each and every item, and further restraining the defendants, Commercial State Bank of Dallas and First State Bank of Stamford, from paying to or delivering to the defendant C. B. Dakan or any other person any moneys on deposit or in their possession in the name of the said C. B. Dakan or under his control, and further directing the said C. B. Dakan to deliver forthwith to the plaintiff herein, Mrs. Agnes Dakan, the automobile described as a Chevrolet Coupé, 1929, Motor No. 1,568,-229, License No. ———, conditioned that plaintiff make bond of $100.00 payable to the defendant as required by law. Elzo Been, Judge presiding."

Injunction bond was filed and approved the same day, but the writ of injunction issued July 5, 1932, thereafter and therein commanded the defendant to "refrain from disposing of said property," and directed him "to deliver Chevrolet coupé" to plaintiff until the further order of said Eighty-Eighth district court, etc. The defendant C. B. Dakan has appealed from the order granting the injunction.

The authority, if any, for the granting of the injunction complained of herein must be found in R. S. 1925, art. 4635 or 4636, or both. Article 4635 reads: "At any time during a suit for divorce the wife may, for the preservation of her rights, require an inventory and an appraisement to be made of both real and personal estate which are in the possession of the husband, and an injunction restraining him from disposing of any part thereof in any manner." Article 4636 reads: "Pending suit for a divorce the court, or the judge thereof, may make such temporary orders respecting the property and parties as shall be deemed necessary and equitable." Considering these two provisions of the statutes together, it will be observed that article 4635 prescribes certain rights of a wife in a divorce suit, but does not purport to deal directly with the authority of the court. On the other hand, article 4636 has for its sole subject-matter the grant of authority to the court to make certain temporary orders during the pendency of a divorce suit. The orders which a court may properly make under authority of the last-named provision are interlocutory. For that reason they are not, appealable except when they come within some class as to which, by provision of other statutes, the right of appeal is especially given, as, for instance, R. S. 1925, arts. 2250 and 2251: Turner v. Turner, 47 Tex. Civ. App. 391, 105 S. W. 237; Swearingen v.

Swearingen (Tex. Civ. App.) 165 S. W. 16; Gardner v. Gardner (Tex. Civ. App.) 154 S. W. 1064; Dawson v. Dawson (Tex. Civ. App.) 140 S. W. 513; Williams v. Williams, 60 Tex. Civ. App. 179, 125 S. W. 937, 1199.

■ It results that that part of the order in the instant case which commands the defendant to make and file an inventory and appraisement is not one that was appealable, and is not involved in this appeal.

■ Clearly, the orders authorized by article 4635 are expressly limited to temporary orders, and, if such an order be one for an injunction, it is necessarily a temporary injunction. If the facts alleged authorized an injunction, it is not necessary, we think, that the prayer be specially for a temporary injunction. The rule in injunction suits generally, to the effect that a temporary injunction is unauthorized unless specially prayed for, is thought to be inapplicable. The reason of that rule does not exist in reference to an order like this, where the authority of the court to grant any injunction at all is limited to a temporary injunction. See Uhl v. Irwin, 3 Okl. 388, 41 P. 376.

■ The right to an injunction under authority of article 4636, which the wife has as a means of enforcing her rights prescribed by article 4635, is not dependent upon allegations of facts to show the want of an adequate remedy at law, or that irreparable injury will result if the injunction be not granted. An injunction as ancillary to a divorce suit which seeks merely to conserve property, whether the wife's separate property in the lawful possession of her husband, their community property, or even the separate property of the husband, to the end that same be available at the end of the suit to meet the claims of the wife in reference thereto, may properly be granted, so it has been held, upon a simple showing that the husband is likely to dispose of the property. Turner v. Turner, 47 Tex. Civ. App. 391, 105 S. W. 237; Wright v. Wright, 3 Tex. 168. The fact of the solvency of the husband has been held to be immaterial. Helm v. Helm (Tex. Civ. App.) 291 S. W. 648. So would it be as to any other fact designed merely to show the nonexistence of an adequate remedy at law, or that irreparable injury would result.

■ Whether it is necessary that the petition be sufficient as the statement of a cause of action for divorce in order to justify the granting of an injunction under authority of these statutory provisions is an interesting question. So far as we have found, it has never been directly passed upon. It is the contention of appellant that, since the injunction authorized by these statutes is collateral to a suit for divorce, and since the petition for divorce stated no facts to show cruel treatment (the ground of divorce re-

lied upon), but merely stated general conclusions, the pleading did not, for that reason, authorize the granting of the injunction. According to many decisions, beginning with Wright v. Wright, 3 Tex. 168, allegations like those in this case have been held insufficient. But in the recent case of McCullough v. McCullough, 36 S.W.(2d) 459, 462, the Supreme Court, without mention of any of said decisions, speaking through Judge Critz, said: "In this connection we hold that a divorce granted by a court of competent jurisdiction on a petition which merely alleges the defendant has been guilty of such excesses, cruel treatment, and outrages against the plaintiff of such a nature as to render their further living together insupportable, is good against a general demurrer. Of course such an allegation, in a way, is the pleading of a conclusion when tested by proper special exception, but, when tested by a general exception, it is a sufficient allegation of a fact, to authorize the district court to hear the evidence, and on which a valid decree of divorce may be awarded." The allegations in the case at bar meet this test. The portion of the opinion quoted is in the nature of a dictum, since the pleading involved clearly stated sufficient facts as distinguished from conclusions. We find it unnecessary, however, to decide whether the former rule has been abrogated. Although there has been no express holding to the effect that it is unnecessary to support the granting of an injunction in a divorce suit that the petition be sufficient to show a right to the divorce we have a precedent for so holding. In Wright v. Wright, supra, the Supreme Court reversed and remanded a divorce case because of the insufficiency of the petition to state a cause of action for divorce, the defect being the same herein complained of, but expressly continued in force the temporary injunction theretofore granted. In view of this authority, we do not feel warranted in holding that the petition is insufficient to state a cause of action for injunction, even if it be granted that it is defective in the statement of a cause of action for divorce.

■■ The right of a wife to an injunction given by said article 4635 is the right to a restraining injunction. If mandatory orders are authorized at all under article 4636, they are not required to enforce the right given the wife by article 4635, and will therefore be governed by the general statutory provisions relating to injunctions and the general principles of equity jurisprudence. Tested by such statutes and principles, there was clearly no right shown to the mandatory order, without notice or hearing, requiring the defendant C. B. Dakan to deliver possession of the automobile to the plaintiff. Neither were the facts alleged sufficient to justify the injunction as against the two banks. Although the banks have not appealed, we are unable to

say that the injunction, improperly granted as to them, cannot prejudicially affect the right of the appellant. Under the pleading in question, a proper exercise of the authority of the court was limited to the restraining of the defendant C. B. Dakan from incumbering or disposing of the automobile and the money and other community property of plaintiff and defendant during the pendency of the suit, or until otherwise ordered.

The judgment as against the two banks will be reversed and dismissed, and as to the defendant C. B. Dakan will be reformed to provide as above indicated, and, as so reformed, will be affirmed, which is accordingly so ordered.