## AMES v. AMES.
### No. 1284.

Court of Civil Appeals of Texas. Eastland.

Nov. 10, 1933.

Rehearing Denied Nov. 24, 1933.

Frank Judkins and Conner & McRae, all of Eastland, for appellant.

R. N. Grisham and J. A. Lantz, both of Eastland, for appellee.

FUNDERBURK, Justice.

Mrs. Frona Ames brought this suit against J. B. Ames seeking judgment for divorce, custody of children, attorneys' fees, and to have certain real and personal property decreed to be the separate property of the plaintiff. No facts were alleged to show that the

1068

defendant's possession of any of the property was unlawful or fraudulent as to the plaintiff. As the basis of a claim to the remedies of injunction and receivership, it was alleged: (1) With reference to certain moneys "that defendant is fraudulently withholding from, and refusing to deliver to plaintiff said money, and is fraudulently concealing from plaintiff the location of said money." (2) With reference to certain described live stock "that defendant now threatens to remove from the jurisdiction of this court, or otherwise dispose of a large part of the cattle and other live-stock now owned by plaintiff." (3) Regarding a check expected to be received in payment of insurance fire loss "that there is danger that the money will be placed beyond the reach of plaintiff." (4) As to the money, live stock, and other personal property "that there is danger that the defendant will remove the same from the jurisdiction of this court, and that plaintiff will thereby lose her property * * * that the defendant has admitted to, and stated to, plaintiff that the said live-stock are not being properly cared for, and that they are not being furnished a sufficient supply of water, and that there is danger that said live-stock will suffer serious injury or die, unless proper provision be made immediately to the end that said live-stock may have an adequate and wholesome supply of water * * * that the defendant J. B. Ames is insolvent."

Without notice to the defendant, or any opportunity for a hearing, the court issued an injunction "restraining the defendant J. B. Ames from selling, removing, encumbering, and exercising any control over the cattle, horses, mules, goats, leases, automobile, trailer, moneys, notes, certificates of deposit, and any and all other properties belonging to the plaintiff."

At the same time the court also, without notice or opportunity for hearing, appointed a receiver of all the money and other personal property ("save and except household goods, wearing apparel, jewelry and other personal adornments") with authority "to take immediate charge and possession of all of said personal property with full authority, subject to approval of the court, to provide for the proper care, keeping and protection of the live-stock mentioned in said petition, and with authority in this connection to employ such laborers and other assistants as may be reasonably necessary for the proper care and protection of such live-stock, and with full power and authority to do all things proper and reasonably necessary for the protection and conservation of said personal property, subject to the further orders of this court."

The defendant has appealed from both orders.

Subject to the qualifications hereafter noted, we have reached the conclusion that the trial court did not err in granting the injunction, but did err in the appointment of a receiver.

■ The fact that the injunction sought and granted was not in terms a temporary injunction is not deemed conclusive of the proposition that it was not such. If the facts authorized an injunction of any sort, then the suit, being one for divorce, the provisions of R. S. 1925, arts. 4635 and 4636 were applicable. The only injunctions authorized by said statutes are "temporary." "The rule in injunction suits generally, to the effect that a temporary injunction is unauthorized unless specially prayed for, is thought to be inapplicable. The reason of that rule does not exist in reference to an order like this, where the authority of the court to grant any injunction at all is limited to a temporary injunction." Dakan v. Dakan (Tex. Civ. App.) 53 S. W.(2d) 682, 684; Uhl v. Irwin, 3 Okl. 388, 41 P. 376.

■ We are not prepared to hold that plaintiff's petition, in so far as it sought a restraining injunction, was subject to general demurrer. No good reason has been suggested why any different rule of pleading should obtain with reference to injunctions under said articles 4635, 4636, and injunctions under article 4642. Apparently, however, at a very early date a difference was recognized by the Supreme Court. Wright v. Wright, 3 Tex. 168. This court followed that case in Dakan v. Dakan, supra, and cited in addition thereto Turner v. Turner, 42 Tex. Civ. App. 391, 105 S. W. 237.

■ In our opinion, plaintiff's petition wholly failed to allege facts justifying the appointment of a receiver, at least in the absence of notice and an opportunity afforded the defendant to be heard. The nearest approach to any allegations sufficient to authorize such appointment was the averment "that the defendant has admitted and stated to plaintiff that said live-stock are not being properly cared for, and that they are not being furnished a sufficient supply of water and that there is a danger that said live-stock will suffer serious injury or die unless proper provision be made immediately to the end that said live-stock may have an adequate and wholesome supply of water." All other things complained of would clearly be reached by a mere restraining injunction. No fact was alleged to show that defendant was culpably responsible for the condition complained of. Nothing was alleged to show that a receiver could procure and provide water better than the defendant. No fact was alleged to apprise the court of the degree of urgency of the matter, nor that a few days time would make any material difference. Said allegations do not even purport to be of facts, but rather of a statement and admission of defendant, which certainly required explana-

tion if same was to be regarded as equivalent to an allegation of the facts. The applicable rule of law is well stated in C. J., as follows: "A receiver may be properly appointed without notice and before giving the adverse party an opportunity to be heard, in, and only in, an extreme and exceptional case, in which there is a great emergency and an imperious and most stringent necessity for an immediate appointment, as where the adverse party is out of the jurisdiction of the court, or cannot be found and served with notice, or for some other reason it is absolutely and imperatively necessary for the court to interfere, before the lapse of time required to give notice and afford a hearing in order to prevent loss, waste, destruction, irreparable injury, or the defeat of the petitioner's rights, or the giving of notice would jeopardize the delivery, safety, custody or control of the property over which the receivership is to be extended, and the rights of the complaining party may be amply and sufficiently protected in no other way, or by no other remedy, such as a temporary injunction or restraining order." 53 C. J. 59, § 54; City National Bank v. Pigg (Tex. Civ. App.) 63 S.W.(2d) 327; Lyons v. Conway (Tex. Civ. App.) 63 S.W.(2d) 317; Star v. Everett (Tex. Civ. App.) 55 S. W.(2d) 164; Sanger Oil & Refining Co. v. Crisman (Tex. Civ. App.) 53 S.W.(2d) 490 and authorities cited.

The mandatory provisions in the injunction are only such as are also involved in the receivership and with the dissolution of the latter, the property will remain in the possession of the defendant and subject to his management and control, limited only by the restraining provisions of the injunction. With this limitation we are of the opinion that the judgment of the court below should be affirmed as to the injunction, but as to the receivership it should be reversed and said receivership dissolved, all of which is accordingly so ordered.