[File No. 6584.]

ELMER F. C. TANK, Appellant, v. GLADYS TANK, Respondent.

(283 N. W. 787.)

Opinion filed January 28, 1939.

*E. R. Sinkler* and *G. O. Brekke,* for appellant.
*E. C. Rudolph* and *F. E. McCurdy,* for respondent.

BURKE, J. Plaintiff sought a divorce from the defendant upon the statutory grounds of desertion and extreme cruelty and asked for the custody of the five children of their marriage. The defendant answered, denying generally all of the averments of the complaint which were pertinent to the alleged grounds for the divorce. She prayed for judgment denying the divorce, granting to her the homestead, also certain stock owned jointly by the plaintiff and the defendant and allowing her permanent support money for herself and her children.

The district court entered judgment denying the divorce, directing the plaintiff to pay to the defendant $100 per month for the support of herself and the children, the sum of $250 attorneys' fees; directing the plaintiff to make repairs upon the home and to permit the defendant and the children to reside therein; enjoining the plaintiff from selling or encumbering certain property in said judgment, specifically described, without the written permission of the court and requiring the plaintiff to pay to the defendant her share of the dividends which shall be received by plaintiff on stock owned jointly by plaintiff and defendant. Plaintiff has appealed from the judgment and the cause is here for a trial de novo.

After a careful examination of the evidence we have come to the conclusion that the divorce was properly denied. The testimony of the plaintiff and the defendant is in direct conflict upon all of the material allegations of the complaint. No good purpose will be served by recounting that testimony in this opinion. We believe it sufficient to say that defendant's testimony is replete with specific instances which support her contentions, as contrasted with the very general nature of the testimony of the plaintiff and his corroborating witnesses. Upon the record, her statements are convincing. These circumstances, together with the findings of the trial court which are entitled to appreciable weight, impel us to the conclusion that no cause for divorce has been shown.

In the brief, plaintiff challenges the power of the court to provide for the maintenance of defendant and her children, no divorce or separation from bed and board having been decreed. Section 4401, N. D. Compiled Laws 1913, disposes of this contention. That section reads: "Though a judgment of divorce is denied the court may in an action

for divorce provide for the maintenance of a wife and her children, or any of them, by the husband."

No objection is made to the amount allowed by the trial court for maintenance, and upon the argument, it was conceded that the amount allowed was reasonable.

Plaintiff also contends that the injunction decreed by the trial court should be set aside. By the terms of this injunction, plaintiff is enjoined and restrained from selling or encumbering certain described property without the written permission of the court. It is apparent from the record that all of plaintiff's property which has any value is included within the terms of the injunction. The answer did not allege, nor did the testimony show, that the plaintiff was attempting or even contemplating a transfer of his property which would defeat or endanger the wife's right to maintenance. It is well settled that in such circumstances an injunction will not be granted. Hagert v. Hagert, 22 N. D. 290, 133 N. W. 1035, 38 L.R.A.(N.S.) 966, Ann. Cas. 1914B, 925; Swearingen v. Swearingen (Tex. Civ. App.) 165 S. W. 16; Smith v. Smith, 51 S. C. 379, 29 S. E. 227; Uhl v. Irwin, 3 Okla. 388, 41 P. 376; Vermilyea v. Vermilyea, 14 How. Pr. (N. Y.) 470; Stewart v. Stewart, 105 Md. 297, 66 A. 16; Melvin v. Melvin, 129 Ga. 42, 58 S. E. 474; Norris v. Norris, 27 Ala. 519. The injunction will therefore be set aside.

No other portion of the judgment of the district court is challenged. The judgment will therefore be modified in accordance with this opinion and as modified, affirmed.

NUESSLE, Ch. J., and BURR, CHRISTIANSON, and MORRIS, JJ., concur.