# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00012-CV

**Bank One, N.A., Appellant**

**v.**

**J.D.C. Recovery, Inc., Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. 276,191, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellee J.D.C. Recovery, Inc. (J.D.C.) owned a judgment taken against James Jolivet, who had deposited funds in a Bank One, Texas, N.A. (Bank One Texas) account. J.D.C. filed a garnishment action against Bank One Texas to collect those funds, and obtained a default judgment on March 5, 2004. On April 15, 2004, counsel for appellant Bank One, N.A. (Bank One)[1] faxed a first amended motion for new trial to counsel for J.D.C., stating that Bank One's counsel received late notice of the judgment. The county court at law signed an order granting Bank One's motion for new trial on June 30, 2004. J.D.C. filed a petition for mandamus in this Court, which conditionally granted the writ on April 29, 2005, directing the trial court to vacate its order granting

---

[1] Bank One Texas merged into Bank One in February 2001.

the motion for new trial because it was signed after the trial court's plenary power had expired. *In re J.D.C. Recovery*, No. 03-05-00198-CV (Tex. App.—Austin Apr. 29, 2005, no pet.) (mem. op.). The trial court complied. A writ of execution issued on September 27, 2005, and was served on Bank One on September 30, 2005. The execution recovered $88,091.96, which was paid into the registry of the county court at law. Bank One filed a motion to stay the writ of execution, and J.D.C. filed a motion for distribution of funds. On October 28, 2005, after a hearing, the trial court granted J.D.C.'s motion for distribution of funds, impliedly denying Bank One's motion to stay execution.

Bank One appeals the order distributing funds to J.D.C. and impliedly denying Bank One's motion to stay execution, arguing that the writ could not properly be served on Bank One because the default judgment was taken against Bank One Texas. Before resolving this complaint, we address J.D.C.'s assertion that this Court lacks jurisdiction to hear the appeal. We agree and dismiss the appeal for want of jurisdiction.

Appellate courts may only review final judgments or interlocutory orders specifically made appealable by statute. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see* Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (West Supp. 2006) (listing appealable interlocutory orders). This order in aid of the judgment is neither. Writs of execution and orders incident to writs of execution are not reviewable by appeal. *Schultz v. Fifth Judicial Dist. Court of Appeals*, 810 S.W.2d 738, 740 (Tex. 1991); *Qualia v. Qualia*, 37 S.W.3d 128, 129 (Tex. App.—San Antonio 2001, no pet.); *see Dawson v. Dawson*, 140 S.W. 513, 514 (Tex. Civ. App.—El Paso 1911, no writ) (holding

that an order denying a motion to quash an execution is not appealable).  We dismiss the appeal for want of jurisdiction.

 

_____

Bea Ann Smith, Justice

Before Justices B. A. Smith, Puryear and Waldrop

Dismissed for Want of Jurisdiction

Filed:   September 22, 2006

3