HUNT v. HUNT. (No. 6255.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 15, 1919.)

1. DIVORCE ☞87 — TEMPORARY INJUNCTION, THOUGH REMEDY AT LAW ADEQUATE.

Under Rev. St. 1911, art. 4639, wife seeking divorce may ask injunction to restrain husband from interfering with her in the cultivation and harvesting of crops, and in the use of teams and farm implements, and from molesting or intruding himself upon wife's presence, even though wife had an adequate remedy at law of which she could have availed herself.

2. DIVORCE ☞87—POWER OF COURT AS TO TEMPORARY INJUNCTION.

The power of making temporary orders respecting the property and parties in divorce action given court by Rev. St. 1911, art. 4639, is a broad power, and is not restricted by the statutes relating to the division of property upon trial of the case, and to authority of court to grant alimony during pendency of suit.

3. DIVORCE ☞87—CUSTODY OF COMMUNITY PROPERTY PENDING SUIT.

Under Rev. St. 1911, art. 4639, court has power to give one of the parties to a divorce suit the exclusive custody and control of community property during the pendency of suit, when it is made to appear that such relief is necessary and equitable.

4. DIVORCE ☞87—WIFE'S RIGHT TO TEMPORARY INJUNCTION WITHOUT NOTICE.

In wife's divorce action court had the right to issue injunction restraining husband from interfering with wife in harvesting of certain crops and in the use of certain teams and farm implements, and from molesting and intruding himself upon plaintiff's presence, without notice to husband, notwithstanding Rev. St. 1911, art. 4651.

Appeal from District Court, Nueces County; Walter F. Timon, Judge.

Suit by Maggie Belle Hunt against Silas Hunt. From interlocutory order granting temporary injunction in favor of plaintiff, defendant appeals. Affirmed.

MOURSUND, J. This is an appeal from an interlocutory order granting a temporary injunction in favor of appellee who sued appellant for a divorce. The injunction restrains appellant from in any manner interfering with plaintiff in the cultivation and harvesting of certain crops, and from interfering with her free exercise of the use of certain teams, tools, and farming implements, and from incumbering the same in any manner, and from "entering, going, or being about the home of plaintiff," or in "any manner molesting or intruding himself upon the presence of plaintiff." There is no contention that the petition fails to state a cause of action.

No briefs have been filed, but appellant presents three assignments of error. The first contention is that the affidavit to the original petition is not sufficient, in that it is not direct and unequivocal. The affidavit is not subject to the criticism directed against it.

The second contention is that the injunction should not have been granted because the petition shows on its face that all of the property enumerated therein is community property and plaintiff has an adequate remedy at law.

[1] We know of no adequate remedy at law of which appellee could have availed herself; but, even if there had been, she would not, by reason of that fact, have been precluded from availing herself of the remedy of injunction. Sumner v. Crawford, 91 Tex. 129, 41 S. W. 994; S. W. Tel. Co. v. Smithdeal, 104 Tex. 258, 136 S. W. 1049.

The court is expressly authorized by statute to make such temporary orders respecting the property and parties as shall be deemed necessary and equitable. Article 4639, R. S. 1911.

[2, 3] As stated in the case of Crawford v. Crawford, 163 S. W. 115, the power thus conferred is a broad one. It is not restricted, as is apparently contended by appellant, by the article of the statutes relating to division of the property upon the trial of the case, or the article authorizing the court to grant alimony during the pendency of the suit. There can be no question of the power of the court to give one of the parties to a divorce suit the exclusive custody and control of the property during the pendency of the suit, when it is made to appear that such relief is necessary and equitable. The facts alleged in this case warrant the relief granted.

[4] There can be no doubt of the right of the court to issue the injunction without notice to appellant. Article 4651, R. S. 1911.

Judgment affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes