**KINSEY v. KINSEY.**

No. 11944.

Court of Civil Appeals of Texas. Dallas.

Dec. 22, 1934.

Leake, Henry & Young and Jno. E. V. Jasper, all of Dallas, for appellant.

Sullivan & Wilson, of Dallas, for appellee.

BOND, Justice.

This is an appeal from an interlocutory decree appointing a receiver of property involved in a divorce suit filed by appellant against appellee.

 It seems to be well settled in this state that the power conferred upon a district court in a divorce suit is a broad one, and on a proper showing the court, or judge thereof, may appoint a receiver with or without notice and with or without application therefor. Crawford v. Crawford (Tex. Civ. App.) 163 S. W. 115; Reum v. Reum (Tex. Civ. App.) 209 S. W. 760; Childress v. State Trust Co. (Tex. Civ. App.) 32 S. W. 330; West et al. v. Herman et al., 47 Tex. Civ. App. 131, 104 S. W. 428.

Article 4636, Revised Statutes 1925, declares that: "Pending suit for a divorce the court, or the judge thereof, may make such temporary orders respecting the property and parties as shall be deemed necessary and equitable." The pendency of a suit for divorce, therefore, is essential to the exercise of this broad discretionary power of the court in making temporary orders and in appointing receivers, and such proceedings are not dependent upon the prerequisites in respect of notice and hearing as is proper and essential generally for the appointment of receivers. Where it appears to the court or judge to be necessary in order to preserve the status quo of property involved in a divorce suit, or where the property is in danger of being lost, removed, or materially injured, or is of such character as may be placed beyond the reach of the court to abide the final decree in the case, and the party in legal possession thereof secretes himself, or cannot be found so that ordinary notice or citation can be served upon him, it becomes the duty of the court or the judge, in the exercise of the discretion, to make a pertinent temporary order or appoint a receiver ex parte to take charge of, manage, and control the property pending a final determination of the suit for divorce.

 The court's order appointing the receiver, from which this appeal is directed, provides that the receiver shall "take charge of the property, rent the same, collect the rents, and apply the same, first to the expense of the said receivership, and then turn the balance, if any, over to the defendant (appellee) for her support and maintenance during the pendency of this suit." This is clearly an ex parte permanent order respecting the property involved in the divorce suit, paying receiver fees and appellee alimony, which is not within the provisions of the statute. Furthermore, article 4637 provides that: "If the wife, whether complainant or defendant, has not a sufficient income for her maintenance during the pendency of the suit for a divorce, the judge may, either in term time or in vacation, after due notice, allow her a sum for her support in proportion to the means of the husband, until a final decree shall be made in the case." Therefore we think in the appointment of the receiver the judge was without power to make a final disposition of the property and to grant alimony allowance, without due notice to the plaintiff in the divorce suit.

The record in this case has been examined, and we are unable to find anything to warrant this court in setting aside the action of the court below in appointing the receiver, with the power to take charge of, manage, and control the property involved in the suit pending a final determination. The order of the court appointing the receiver with the powers conferred, except as to the application of the funds, should be affirmed, and the order directing payment of the expenses and alimony should not have been allowed without notice to the plaintiff. Therefore in the respect mentioned the judgment is reformed, vacating the provision allowing receiver's expenses and appellee alimony, without prejudice to the rights of the parties for a hearing, after notice to appellant, and a determination of these issues, and, as reformed, is affirmed, and cost of appeal taxed against the appellant.

Reformed and affirmed.