**COX et al. v. COX.**

No. 3637.

Court of Civil Appeals of Texas. El Paso.

July 1, 1937.

Rehearing Denied July 15, 1937.

Mead & Metcalfe, of Marfa, for appellants.

Hollis Kinard, of Orange, and Boggess, LaCrosse & Lowrey, of Del Rio, for appellee.

WALTHALL, Justice.

Lillion F. Cox, as plaintiff, brought this suit in the district court of Brewster county, Texas, in which she complains of Gilbert M. Cox and Sam Cox, as defendants. In the first several paragraphs of the petition are allegations of her marriage with Gilbert M. Cox and her suit for a divorce, stating specifically, in several paragraphs ·of her petition, the grounds for the divorce, and that his acts and conduct toward plaintiff were of such a nature as render their further living together insupportable, and praying that a divorce be granted to her.

In the suit before us we have no concern with the grounds for the divorce other than that as showing his disposition towards the property involved in this appeal, plaintiff alleges that her husband said to her he "had married her solely because she was possessed of an estate which he desired to bring under his control in order that he might build an estate for himself."

Plaintiff, in substance, alleges defendant's insolvency at all times included in the· petition; that plaintiff was possessed of a substantial estate consisting of cash money and liquid assests, convertible into money, her separate property, and that plaintiff is inexperienced in business; that by reason of their marriage relationship, defendant Gilbert M. Cox exercised great influence over her, set out fraudulently to obtain possession of her said funds and the benefit of the property purchased therewith; that on the 11th day of May, 1936, he purchased with plaintiff's separate funds the lands described, situated in Brewster county, Texas, and known as the Bullis Gap Ranch, consisting of 21,280 acres of land, and fully described in the petition, and not necessary to set out here; that defendant made the purchase of said lands, and in violation· of the duty he owed to her he had the conveyance' drawn as a deed of conveyance to himself and plaintiff jointly, and placed of record; that thereafter defendant procured ·other funds of plaintiff, of her separate funds, aggregating a total sum of $12,000, with which he purchased goats, sheep, saddle horses, automobiles, saddles, stating each by number, incident to the operation of said ranch and properties; that in order to obtain additional funds to purchase necessary ranch equipment and implements of husbandry, defendant, using the credit of plaintiff, obtained from the Marfa Production Credit Corporation of Marfa, Tex., a loan of approximately $13,000, with which to purchase livestock now upon said ranch; that by reason of the use of her separate funds and the employment of her credit, all of said property became and is her separate property; that in the marriage relation stated plaintiff acted in good faith and that defendant represented to her that he entered said marriage relation in good faith, and in the protection of her interest therein; that after plaintiff had advanced the sums of money stated and had employed her credit as stated, defendant Gilbert M. Cox told plaintiff that he had not in fact entered into said marriage in good faith, but, on the contrary, he had entered same with the intention to use her funds with which to build for himself an estate of his own, and that at all times he intended to abandon said marriage when the time was opportune for him to do so; that on or about April 9, 1937, defendant Gilbert M. Cox announced to plaintiff that he intended forthwith to sell the 89 sacks of wool, the spring shearing from plaintiff's sheep, of the approximate value of $8,000, and the 2,686 head of lambs on said ranch at any price he

might be able to obtain therefor, and that defendant is further threatening to and will convert all other livestock, plaintiff's separate property on said ranch; that unless this honorable court appoints a receiver to take charge of said properties and to manage same under the direction of this court, defendant will dispose of said lambs and wool forthwith and remove same and consummate a fraud upon plaintiff; that the real property described is encumbered with a mortgage in favor of Federal Land Bank of Houston, and the Federal Land Bank Commissioner, for approximately $39,000, and certain unpaid taxes due thereon; that all the livestock described is under mortgage to the Marfa Production Credit Corporation of Marfa, Tex., in approximately the sum of $13,000; that both land and livestock have a value in excess of said liens, but if not properly handled, will not pay said liens, and plaintiff will suffer loss; that the facts create an emergency and necessity for the appointment of a receiver for the property, and for an immediate restraining order, and for an injunction restraining defendant from disposing of any of the assets herein claimed by plaintiff. Plaintiff alleges that Sam Cox is claiming some kind of interest in said property, the nature of which is to plaintiff unknown, but that he has no interest, and his claim is pretended and fictitious.

Plaintiff prays for the appointment of a receiver, the granting of the restraining order, citation, and judgment dissolving the bonds of matrimony and that the property described be declared to be plaintiff's property, for costs, and such relief as she may show herself entitled to.

The petition is verified.

The district judge on the 19th day of April, 1937, ordered the issuance of a temporary restraining order operative until and pending the hearing ordered on August 16, 1937, restraining defendants as prayed in the petition, and requiring plaintiff to give bond as fixed by the order, and requiring defendants to appear in the court at the hearing as above, to show cause why the injunction should not be granted, effective until final decree.

By separate order of April 19, 1937, the court, after reciting the application of plaintiff for the appointment of a receiver, and after reciting that from the verified allegations of the petition there is an immediate necessity for the appointment of a receiver without notice to the defendants, the court by order appointed Carl Cochran, of Terrell county, Texas, receiver of the property, real and personal, describing same in said order as described in the petition, and with instructions to take and hold said property until further orders; and commanding defendants to forthwith surrender said property to such receiver, and enjoining defendants from in any way interfering or intermeddling with said property, and from disposing of said property except to transfer and turn same over as directed subject to the orders of the court; that before entering upon his duties as receiver, the said receiver shall make bond in the sum fixed by the court, conditioned as required by law, to be approved by the court, and take the oath required by law; that notice of the order of appointment be given to each defendant; precept to serve, the service, and the return of service of the officer are in the record, also plaintiff's cost bond. The receiver's bond of April 20, 1937, and the court's approval of the receiver's bond of May 3, 1937, are in the record.

### Opinion.

On the above petition, very much abbreviated, the district judge entered the orders indicated, granting the temporary restraining order, or temporary injunction, and appointing the receiver, each without notice, and set the case for hearing on the restraining order for August 16, 1937, for defendants to show cause why the writ of injunction applied for should not be granted.

Neither of the defendants filed or interposed an answer to the merits of the case, to either the petition for divorce or to the granting of the temporary restraining order or the appointment of the receiver; nor did defendants, or either of them, file or present to the district judge any motion or otherwise contest or move the vacation of any of the above orders.

Defendants, on May 1, 1937, filed in the case their exceptions to both of the above orders, and, so far as the record shows, without any action of the district judge on the exceptions, noted their appeal to this court, and requested the immediate preparation of a transcript of the proceedings had herein, and filed their appeal bond.

Defendants filed herein assignments of error, and thereunder submit propositions.

While very briefly stated we have sufficiently stated the allegations of the petition to indicate that defendant Gilbert M. Cox, then in possession of the ranch property, had indicated to plaintiff in express words his present purpose to then dispose of the personal property, much of it plaintiff's separate property, at any price he might be able to obtain therefor.

The restraining order the court made merely preserves the property from such threatened disposition until the hearing fixed by the order of the district judge. Under articles 4635 and 4636, R.C.S., pending suit for divorce, the court or the judge may make such temporary orders respecting the property and the parties as shall be deemed necessary and equitable, including the issuing of injunctive relief and the appointment of a receiver. Moore v. Moore, 73 Tex. 382, 11 S.W. 396; Turner v. Turner, 47 Tex.Civ.App. 391, 105 S.W. 237; Shaw v. Shaw, 51 Tex.Civ.App. 55, 112 S.W. 124, 128; Reum v. Reum (Tex.Civ.App.) 209 S.W. 760, where it is held that under article above the appointment of a receiver rests largely in the discretion of the court; Hunt v. Hunt (Tex.Civ.App.) 215 S.W. 228.

The appointment and qualification of the receiver before the hearing, together with the injunctive orders of the judge restraining defendants from in any way interfering with the property, would have the effect only to prevent the threatened wrong and preserve the property while in the hands of the receiver. We think it would be useless to discuss defendants' propositions based on the exceptions merely, where no answer has been filed, and before the hearing fixed by the judge, directed to the issuance of the restraining order; and especially in view of the fact that the exceptions thereto have never been presented to or passed upon by the judge, and in advance of the hearing day set by the judge. Ordinarily a demurrer or exception, not presented to or passed upon by the court, is waived; again, the judge or court at the hearing could and might modify or change the injunctive order; that is one of the purposes of the hearing.

The above observations apply as well to the appointment of the receiver.

Under the articles of the statute above referred to, the judge, in the exercise of judicial discretion, was authorized to appoint a receiver (with or without application), and without notice, Kinsey v. Kinsey (Tex.Civ.App.) 77 S.W.(2d) 881, and cases cited, upon a verified petition; the verified application for the appointment being competent evidence of facts stated in ex parte hearing, where the facts stated show probable damage to the applicant. Hunt v. State (Tex.Civ. App.) 48 S.W.(2d) 466, and cases cited.

In the absence of an answer and before a hearing, or motion or evidence other than the verified petition, we do not feel that it is necessary or proper to consider the case further than we have. We have found nothing in the record that would justify this court in vacating the receivership.

The order appointing the receiver is sustained.

### On Motion for Rehearing.

Appellants in their motion for rehearing resubmit, as in their brief, all of the grounds of error in granting the restraining order and in the appointment of a receiver. In appointing the receiver the district judge evidently acted under subdivision 1 of article 2293 of the Statute, and not under subdivision 4 of that article. Where the facts stated in the petition authorize the appointment of a receiver under the first subdivision of said article, it is not necessary that the party had no other adequate remedy, and other facts as under the usages of courts of equity. Under subdivision 1 of said article, the judge is authorized to appoint a receiver on the application of any party whose rights to or interest in property, or funds or the proceeds thereof is probable, and when it is shown that the property or fund is in danger of being lost, removed, or materially injured. We think the petition sufficiently alleges all of the facts necessary to be alleged in the appointment of a receiver under the statute.

The district judge having appointed a time for the hearing as to the appointment of the receiver, we said in the opinion that the exceptions presented to petition, and to the orders made in advance of the hearing and not presented to or passed upon by the judge, ordinarily were waived. That statement has no application to this case and is withdrawn.

Other than the above statement withdrawn, the motion for rehearing is overruled.