## LAMASTER v. LOOMIS et al.

### No. 2894.

Court of Civil Appeals of Texas. Waco.

May 4, 1950.

Rehearing Denied June 1, 1950.

E. G. Moseley, Dallas, for appellant.

Richard F. Loomis, Jr., Max R. Rosenfield, Elihu E. Berwald, Dallas, for appellees.

TIREY, Justice.

This is an appeal from an interlocutory order entered in a divorce suit on the application of the receiver for receiver's fees for himself and attorney's fees for the attorneys representing him and awarding additional attorney's fees for the wife, plaintiff in this cause, said application being also the final report of his receivership in such divorce suit wherein the receiver sought authority to pay certain items of expense and costs of administration in receivership and to close the same. The application and final report were filed after notice had been brought to the receiver that the plaintiff and her husband had composed their differences and had resumed living together as husband and wife and after motion on behalf of defendant had been filed calling

the court's attention to such reconciliation and asking the court to enter an order granting the dismissal of the divorce suit. The receiver tendered himself as a witness (and none other) at a hearing on the application. It appears from his testimony that the receiver knew that the plaintiff and her husband had composed their differences and had resumed living together as husband and wife, and upon such information he filed his application for the above fees and his final report of administration as receiver. The court entered an order which authorized the receiver to pay out of the funds in his possession $25 for his bond premium as receiver, $400 for receiver's fees, $400 to the attorneys for receiver, and $200 to the attorneys for representing the plaintiff in her action for divorce, evidence having been tendered to the effect that she paid her attorneys $100 before the suit was filed. The order, after fixing and authorizing payment of the above amounts, directed the receiver to pay the balance in his possession to the defendant and deliver all property in his possession to the defendant. Defendant's counsel was present at the hearing and excepted to the action of the court. The court made no order on the motion filed by defendant to dismiss the divorce suit, which action of the court left the divorce suit pending on the docket of the court. Defendant seasonably perfected his appeal.

The judgment is assailed substantially on the grounds (1) the court erred in refusing to dismiss this cause after the reconciliation of the parties and retaining jurisdiction for the purpose of allowing the wife's attorneys to recover attorney's fees; (2) in awarding attorney's fees on behalf of attorneys for receiver, who were also wife's attorneys; (3) in awarding fees for the receiver; (4) the court abused its discretion in appointing receiver ex parte after already having granted restraining order and where lis pendens notices could have been filed; and (5) fees fixed for the receiver and his attorneys are excessive.

The plaintiff filed her original petition for divorce on August 2, 1949. This petition alleged a cause of action for divorce and described the properties of the plaintiff and defendant and asked for temporary restraining order and also for appointment of a receiver. It was duly verified by the plaintiff. The court directed the clerk to issue notice to defendant to appear on August 8, 1949 to show cause why he should not pay alimony to plaintiff. On the same day, without notice and without bond, See Rule 693-a, Texas Rules of Civil Procedure, the court entered temporary restraining order restraining defendant from making certain disposition of his property therein described, plaintiff having described in her petition various tracts of land and personal property (of substantial value), all of which she alleged to be community. Thereafter, on the 9th of August, 1949, upon affidavit of plaintiff's attorneys and without notice, the court appointed a receiver to take charge of the movable and personal property. In this order the court found that there was no necessity for the plaintiff to make a bond preliminary to the appointment of a receiver and provided that such bond be dispensed with. See Rule 695-a, T.R.C.P. On the 10th of August, 1949 the receiver made application to have attorneys appointed to represent him and the wife's lawyers were appointed. Defendant (appellant here) on the 16th of August, 1949 filed verified motion to vacate the receivership, but no action was taken on this motion. On August 19, 1949, the defendant filed his motion for dismissal, in which he stated in effect that he and his wife had become reconciled and had resumed living together as husband and wife and that they desired that the divorce action be dismissed, and defendant asked for all funds impounded by the receiver to be returned to him, and he prayed for such relief. The application of the receiver for receiver's fees and attorney's fees (also containing his final report of receivership) was filed on August 22nd.

Did the court abuse his discretion in appointing the receiver ex parte under the record here made? Art. 4636, Vernon's Ann.Civ.Stats. provides: "Pending suit for a divorce the court, or the judge thereof, may make such temporary orders respecting the property and parties

as shall be deemed necessary and equitable." This statute has been construed many times. In Kinsey v. Kinsey, 77 S.W. 2d 881, 882, our Dallas Court of Civil Appeals said: "It seems to be well settled in this state that the power conferred upon a district court in a divorce suit is a broad one, and on a proper showing the court, or judge thereof, may appoint a receiver with or without notice and with or without application therefor." (Citing many cases.) See also Cox v. Cox, Tex.Civ.App., 107 S.W.2d 1031, point 3. See also cases collated under art. 4636, supra, Note 3, and under 15 Texas Digest, Divorce, ☞ 207. Since the appointment of the receiver under the circumstances and under the authorities here cited was within the potential jurisdiction of the court, and since the receiver has filed his application stating in effect that there is no further need for such receivership and has filed his final account and asked that he and his bondsmen be discharged, and since the appointment of the receiver under such circumstances was not void, the question as to whether the court abused his discretion in making such appointment becomes moot. See Shell Petroleum Corp v. Grays, Tex. Civ.App., 87 S.W.2d 289, points 3, 4 and 7. Under the foregoing authority it was the duty of the trial court to hear evidence and fix the fee for the receiver and tax the same as costs as a charge against the funds in his hands. The receiver tendered himself only as a witness and the court, after hearing his evidence, fixed his fee at $400. We have read this testimony very carefully and we think the sum fixed is excessive and that this alone will require a reversal and a remanding of the case. In view of the fact that this will necessitate a new trial on this ancillary proceeding, we make no comment on the testimony save and except we think the amount of the fee was excessive.

■ Did the court err in refusing to dismiss this cause after the reconciliation of the parties had been called to his attention by motion and after evidence had been tendered to him to the effect that the husband and wife had composed their differences and had resumed living together as husband and wife and thereafter proceeding to fix attorney's fees for the wife? We think he did. This exact question was decided by our Supreme Court in Jones v. Jones, 128 Tex. 309, 97 S.W.2d 949 (Com. Apps., opinion adopted by S.Ct.). See also Kelly v. Gross, Tex.Civ.App., 4 S.W. 2d 296 writ ref. The reason for such rule is succinctly and clearly stated by our Supreme Court in the Jones case, and we think it is applicable here and therefore controlling. Our Supreme Court expressly approved this doctrine in Roberts v. Roberts, 144 Tex. 603, 192 S.W.2d 774, 777. In that case the Supreme Court, after reviewing the leading cases on the matter at issue here, announced the following rule: "In all these cases it seems clear that the judgment for attorney's fees was held erroneous because to allow it in a divorce suit under the facts shown would violate the public policy of encouraging a continuation of the marriage relation. Certainly after the parties have become reconciled, resumed marital relations and dismissed their suit, as in Jones v. Jones, supra, it would not promote harmony between them to continue the litigation to determine how much attorney's fees to award the wife. *Nor would it contribute to newly-resumed amicable relations to permit an independent suit to find out how much her attorneys would have recovered for the wife had the husband not dismissed his suit, as in Kelly et al. vs. Gross et al. supra.* Obviously, public policy would not be served by permitting the wife to recover attorney's fees for instituting and prosecuting an unwarranted and unsuccessful divorce suit, as in Hill v. Hill, Tex.Civ.App., 125 S.W. 91, supra." (Italics ours.)

Did the court err under the record here made in fixing and taxing attorney's fees for the receiver? We think he did. First of all, since the wife's attorneys were obligated by their contract of employment with her to render such services as were necessary to protect her in all of her legal rights, under the record here made there is no way to tell where the services of her attorneys for her ended and where they began for the receiver. Since the trial court under the above cited authorities

could not award attorney's fees to the wife's attorneys for the services they rendered to her, we think the reasons assigned therefor by the Supreme Court would be applicable and controlling to this particular factual situation as to the fixing of the attorney's fees for the services rendered by her attorneys for the receiver. Unless the application of the rule announced by the Supreme Court as above stated precludes the finding and awarding of attorney's fees for the services rendered by the wife's attorneys for the receiver in the case at bar, it would nullify the effect of the foregoing rule because it would permit her attorneys to do indirectly what they could not do directly. If we are in error in the application of the above rule insofar as it affects the fixing of fees for the attorneys for receiver in the instant case, then in such event we find that the fee of $400 fixed by the court for attorneys for receiver is excessive and that this constitutes another reason why this cause must be reversed and remanded.

Accordingly, the judgment entered by the trial court is reversed and the cause remanded and the court is instructed to set aside the order fixing the fees for the receiver, his attorneys and for the wife's attorneys and taxing them against appellant in this cause and is instructed to vacate his order appointing the receiver and dissolve the injunction. The court is further instructed to set the cause for trial on this ancillary proceeding and hear evidence as to reasonable receiver's fees for the receiver and fix a reasonable fee therefor and tax such fee as a charge against the funds in the receiver's hands, and after the receiver has paid the costs incurred herein and in the receivership proceeding, including his fee, out of the monies in his hands, he shall deliver the remainder of such funds to defendant and deliver and surrender the remainder of the property in his possession to defendant. The court is further instructed to grant defendant's motion to dismiss plaintiff's suit for divorce without prejudice to counsels' right to file and prosecute an independent suit against plaintiff and defendant upon quantum meruit for such services rendered to the receiver and the plaintiff. See Kelly v. Gross, supra, points 7–8. See also cases collated in 15 Texas Digest, Divorce,  197; Roberts v. Roberts, supra.

Assuming, without deciding, that the plaintiff filed this suit in good faith and on probable grounds, we think it is fair to tax all costs in the trial court, save and except the fees for the receiver and attorney's fees heretofore discussed, as well as costs incurred on this appeal, Rule 388-A, T.R.C.P., and authorities there cited, against appellant, and it is so ordered.

Reversed and remanded with instructions.