John E. GUNTHER, Appellant,

v.

Dorothy Sue GUNTHER, Appellee.

No. 4111.

Court of Civil Appeals of Texas. Waco.

April 18, 1963.

Rehearing Denied May 9, 1963.

Bernard A. Golding, Houston, for appellant.

John E. Pledger, Houston, for appellee.

TIREY, Justice.

This action is one for divorce, non-jury. Mrs. Gunther recovered a divorce on her cross-action. The cause is here on a transcript without a statement of facts. There was no request for findings of fact and conclusions of law, and none was filed.

The decree is assailed on three points. They are substantially to the effect: (1) The Court committed fundamental error in appointing a receiver in this cause absent pleadings and evidence sustaining the grant:

of receivership because no request was ever made by appellee for such appointment, and the receiver was appointed in a final judgment without any proof or pleading whatsoever; (2 and 3) That the Court abused its discretion in refusing to grant appellant an additional ten days in which to file his statement of facts with the trial court and with the appellate court.

Appellee's counter-points are to the effect: (1) The trial court properly appointed a receiver in order to make division of the community property of the parties; and (2 and 3) That it did not abuse its discretion in refusing to permit appellant to file a statement of facts because, under the applicable rules, the court had no discretion to extend such time.

A statement is necessary. The transcript shows that appellant filed his original petition with the District Clerk on October 2, 1959; that thereafter he filed his sworn motion for dismissal, verified on February 18, 1960, and the court granted the motion without dismissal of the cross-action, but the date of the filing of this motion is not shown in the transcript. The decree recites that this cause went to trial on the 6th day of November, 1961, and that plaintiff and cross-plaintiff were present, as well as their attorneys, and that the Court, after hearing the evidence and considering the pleadings, as well as argument of counsel, took the matter under advisement and thereafter, on the 26th day of January, 1962, all the parties again appeared before him and the case was re-opened and additional evidence was offered at the request of the court, and thereafter the court announced its judgment in open court on April 30, 1962, and final judgment was entered. The court granted the cross-plaintiff a divorce on her cross-action, and found that there were two children born of said marriage, John Emil Gunther, Jr., born February 14, 1947, and Margaret Love Gunther, born November 8, 1944, and found that Mrs. Gunther was a fit and proper person to have the full custody and control of the minor children, subject to reasonable visitation privileges set forth in the decree in favor of the plaintiff. This part of the decree is not challenged. The court further found that plaintiff Gunther is gainfully employed and able to contribute to the support of his minor children, and fixed support orders at $70.00 per month. The court further found that during the existence of the marriage the parties accumulated certain personal property and an equity in certain real estate in Harris County, and awarded the household furniture and furnishings to Mrs. Gunther, and awarded to Gunther the automobile of the parties in the possession of Gunther and ordered Gunther to assume and be solely responsible for any unpaid balance due or to become due against the automobile and the repair bills, if any. The Court appointed Charles C. Castles receiver to take charge and control of the real estate acquired during the marriage and described it in the decree, and fixed the receivers bond at $1,000.00, and empowered the receiver to sell for cash, at private or public sale at the receiver's election, with the ultimate view of obtaining the best possible price from such sale, and further provided that in the event the receiver made a sale and was confirmed by the Court that the proceeds be paid into the registry of the Court after first deducting expenses of sale. The Court provided that the receiver's fee shall be fixed commensurate with the time and effort required by the receiver, following which the amount of $660.00 will first be deducted and paid to cross-plaintiff in lieu of past due child support orders, and further provided after payment of all necessary assessment liens and all costs incident to the sale and after deducting the cost of litigation from the portion payable to cross-defendant, that the remainder shall be devided pro rata, share and share alike, between the parties. The decree further provided that all costs be assessed against cross-defendant, except receiver's fee and costs of sale which the Court authorized to be paid before distribution of the pro-

ceeds. The Court also fixed reasonable attorney's fees in favor of cross-plaintiff in the sum of $500.00.

■ Did the Court commit fundamental error in appointing a receiver to take charge of the real estate and make sale or rental thereof under the terms of the decree? We think the answer is "No". Article 4638 of Vernon's Ann.Tex.St., provides:

"The court pronouncing a decree of divorce shall also decree and order a division of the estate of the parties in such a way as the court shall deem just and right, having due regard to the rights of each party and their children, if any. Nothing herein shall be construed to compel either party to divest himself or herself of the title to real estate."

Our Supreme Court, in the recent case of McElreath v. McElreath, Tex., 345 S. W.2d 722, in considering the foregoing Article, had this to say:

"This article and the chapter of which it is a part apply only to Texas courts pronouncing decrees of divorce in suits involving Texas residents. Our community property system naturally affects our plan of property division upon a marriage dissolution. Under our laws, permanent alimony is not recognized, nor is a Texas court authorized to divest either spouse of his or her title to separate property, Hailey v. Hailey [160 Tex.Sup. 372], 331 S.W.2d 299, but the wife, in the main, must look to the community property for her share of the material gains incident to an ill-starred marriage."

In the case of Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21, our Supreme Court expressly held:

" * * * the district court was empowered, in pronouncing the decree of divorce, to order a division of the estate of the parties to the divorce suit in such way as to the court seemed just and right, having due regard to the rights of each party and of the children, provided neither party was divested of title to real estate. Real estate impressed with the homestead character was as much subject to division as was nonexempt property. The estate subject to division, under the statute, included all property of the parties whether community property or separate property. The meaning of the statute is not different from what it would have been had the word 'property' been substituted in its phraseology for the word 'estate.' "

In the case of Hailey v. Hailey, aforesaid, our Supreme Court said:

"The trial court has the duty to determine if the community property is subject to partition in kind. If he determines that it is then he shall equitably divide the community property between the parties. If it is not subject to partition in kind the trial court can appoint a receiver and order so much of the property as is incapable of partition to be sold and the proceeds divided between the parties in such portions as, in the discretion of the court, may be a just, fair and equitable partition, having in mind the rights of the parties and the children."

The Court further said:

"That part of Art. 4638 contained in the last sentence, which prohibits the divestiture of title by either party to real estate, has no application to the community real estate but applies only to the separate property of each party."

Since the property was community, and since there was no cash to divide, and since the husband was in default in support payments to the children in the sum of $660.00, we think the recitations found in the decree clearly show that the trial court did not abuse its discretion in ap-

pointing a receiver and in ordering the sale and disposition of the community property of the estate. In Kinsey v. Kinsey, Tex.Civ.App., 77 S.W.2d 881, (n. w. h.) the Dallas Court expressly held that a District Court "may appoint a receiver with or without notice and with or without application therefor." See Points (1, 2).

Since no statement of facts has been tendered to this court for filing, and since the record fails to show what steps were taken by appellant to secure additional time to file a statement of facts as provided by Rule 386, we have nothing before us on which to base an opinion to the effect that the court abused its discretion.

Accordingly, the judgment of the trial court is Affirmed.