Richard Alan HAASE, Appellant,

v.

John D. HERBERGER, Jerry Mabry, Mabry & Gibson, L.L.P., and Gibson & Herberger, L.L.P., Appellees.

No. 14–00–00680–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 12, 2001.

Brendan Cook, Mary Leigh Harrell, Houston, for appellants.

John Herberger, Timothy McCloskey, Houston, Vincent Marable, III, Wharton, John Bolden, Jerry Mabry, Houston, for appellees.

Panel consists of Justices YATES, HUDSON, and DRAUGHN.[1]

## OPINION

JOE L. DRAUGHN, Justice (Assigned).

This is an appeal from a summary judgment denying forfeiture of attorneys' fees in a lawsuit that had been part of the community assets in a divorce proceeding between Richard and Diane Haase. Prior to their divorce proceeding, the Haases were Plaintiffs in a lawsuit which concerned construction defects on their community property homestead. A settlement offer was made during the pendency of the divorce, and Diane wanted to accept the settlement; Richard did not. Diane then presented to the divorce court a motion that the case be settled on her signature alone. The court agreed and entered an order giving her the authority to settle the case without her husband's signature. Based on this Order and the wife's signature on the settlement agreement, the case was settled and the proceeds were disbursed as a part of the community assets in the divorce proceeding. Unhappy with this result, Richard subsequently sued their attorneys, seeking forfeiture of the contingency fee they received in the lawsuit, on the grounds of breach of fiduciary duty and alternatively, breach of contract. Following the trial court's summary judgment in favor of the attorneys, Richard appealed and presents two issues for our determination: (1) whether as a matter of law appellee-attorneys had an actual conflict of interest between Richard and his former wife while representing both, and thus improperly proceeded in settling the claim without his signature, and (2) whether, as a matter of law, appellees breached their contract with Richard. Based on the details and our reasoning hereinafter set out, we affirm the judgment of the trial court.

---

1. Senior Justice Joe L. Draughn sitting by assignment.

## BACKGROUND & PROCEDURAL HISTORY

Before Richard and his ex-wife, Diane, were divorced, they were plaintiffs in a cause of action relating to construction defects on their community property homestead. They hired appellees in connection with this construction litigation. Subsequently, Diane filed for divorce. During the pendency of the divorce action, the defendants in the Haases' construction litigation offered the Haases $90,000.00 to settle the claim. While Richard did not want to accept the offer, Diane did want to accept it.

Diane, through her divorce attorney, and without any initiative, prompting, or assistance from appellees, filed a motion in the divorce proceeding to obtain the exclusive right to settle the construction litigation. The Family Court granted this motion. Diane, exercising this exclusive right, accepted the $90,000.00 settlement on behalf of herself and Richard. Appellees filed a plea in intervention in the Family Court and requested a disbursement of funds. Richard objected to the disbursement and counterclaimed for fee forfeiture and legal malpractice. The basis of his claim was that appellees had a conflict of interest between Richard and Diane because of the former couple's difference of opinion as to whether to accept the $90,000.00 settlement offer.

After attorneys' fees and expenses were deducted, the remainder of the settlement funds were placed in the registry of the Family Court, and were dispersed and divided as part of the resolution of the divorce proceeding. Richard filed a Motion for Partial Summary Judgment seeking forfeiture of the fees. Appellees filed a response and a Counter Motion for Partial Summary Judgment. The district court denied Richard's Motion and granted the appellees'. The partial summary judg-

ment became final when the court subsequently granted a Final Summary Judgment in favor of appellees on Richard's malpractice claims. Richard appeals the judgment only as to the fee forfeiture.

## DISCUSSION AND HOLDINGS

### I. STANDARD OF REVIEW

The movant for summary judgment must show that there is no genuine issue of material fact and he is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). When both sides move for summary judgment and one motion is granted while the other is denied, we are to review the summary judgment evidence presented by both sides, determine all questions presented, and render such judgment as the trial court should have rendered. *Commissioners Court v. Agan,* 940 S.W.2d 77, 80 (Tex.1997); *see Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex.1988).

### II. CONFLICT OF INTEREST

In his first point of error, Richard alleges that appellees had an actual conflict of interest with Richard in proceeding with the representation of both he and Diane when he objected to the settlement offer and Diane consented to it.

A conflict of interest is defined as "a real or seeming incompatibility between the interests of two of a lawyer's clients, such that the lawyer is disqualified from representing both clients if the dual representation adversely affects either client or if the clients do not consent." BLACK'S LAW DICTIONARY 295 (7th ed.1999). Similarly, the Texas Disciplinary Rules of Professional Conduct state that "a lawyer shall not represent opposing parties to the same litigation [and i]n other situations ... a lawyer shall not represent a person if the

representation of that person ... reasonably appears to be or become adversely limited by the lawyer's or law firm's responsibilities to another client or to a third person or by the lawyer's or law firm's own interests." TEX. DISCIPLINARY R. PROF'L CONDUCT 1.06(a) & (b), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon Supp .1997) (TEX. STATE BAR R. art. X, § 9).

■■■ Richard alleges that this conflict arose, not merely when appellees represented both Richard and Diane during their divorce, but when a settlement offer was made by the defendants in the construction litigation. There is some merit to this contention. While this is not an actual conflict of interest, this fact scenario certainly is consistent with this being a potential conflict of interest. *Id.* at 1.06(b)(2). Comments to rule 1.06 recognize that an "impermissible conflict may develop by reason of ... the fact that there are substantially different possibilities of settlement of the claims or liabilities in question ." *Id.* at cmt. 3. As a result of this potential conflict that arose when Richard and Diane had differing interests in the settlement of the construction litigation, appellees should have followed the direction found in subsection (c) of 1.06. That is, appellees should have both (1) reasonably believed that the representation of both Richard and Diane would not be compromised, and (2) had both Richard and Diane "consent[ ] to such representation after full disclosure of the existence, nature, implications, and possible adverse consequences of the common representation and the advantages involved, if any." *Id.* at 1.06(c). There is no evidence in the record that appellees took those steps. Assuming without deciding that a breach of fiduciary duty occurred, we hold that because the Family Court ordered appellees to give complete effect to Diane's decision to accept the settlement, appellees should not be subject to forfeiting attorneys' fees. Fee forfeiture is not required in every case where an attorney breaches a fiduciary duty. *Burrow v. Arce,* 997 S.W.2d 229, 241 (Tex.1999). The remedy of fee forfeiture is an equitable one and is highly dependent on the facts of the underlying breach of fiduciary duty. *Id.* The ultimate decision on the amount of any fee forfeiture must be made by the court. *Id.* at 245. The court must determine whether forfeiture is equitable and just. *Id.* Here, appellees would have had to forfeit a fee that they ultimately earned by following a court order. This would be inconsistent with their obligations as officers of the court. Under these circumstances, we find that the trial court did not err in refusing to order forfeiture of the attorneys' fees.

Additionally, the Disciplinary Rule of Professional Conduct that deals with settlement offers states, "a lawyer shall abide by a client's decisions ... whether to accept an offer of settlement of a matter, *except as otherwise authorized by law."* TEX. DISCIPLINARY R. PROF'L CONDUCT 1.02(a)(2) (emphasis added). By its very terms, this rule yields to other law that does not require a lawyer to abide by his client's decisions as to whether to accept a settlement offer. Here, appellees had two clients: one who wanted to accept a settlement offer, and one who did not. Ancillary to the settlement offer, these two clients were in the process of a divorce. The client who wanted to accept the settlement offer, on her own volition, sought an order from the Family Court to grant her the sole authority to accept this settlement offer. The Family Court so ordered. Thus appellees were "otherwise authorized by law" to accept the settlement on behalf of both Richard and Diane. If it became apparent that such relief was necessary, the Family Court had the power to give one of the parties to this divorce suit the

exclusive custody and control of community property during the pendency of the divorce. Tex.Fam.Code Ann. § 6.502 (Vernon 1998); *Hunt v. Hunt,* 215 S.W. 228 (Tex.Civ.App.—San Antonio 1919, no writ). Richard's first point of error is overruled.

### III. BREACH OF CONTRACT

 In his second point of error, Richard contends that appellees breached paragraph four of the employment agreement because they settled the case over his objection. Paragraph four of the agreement states:

### APPROVAL NECESSARY FOR SETTLEMENT

Paragraph 4. No settlement of any nature shall be made for any of the Client's Claims without the complete approval of the Client, and all offers of settlement shall be communicated to the Client; the Client shall not obtain any settlement on his Claims without the complete approval of the Attorney.

Without citing to any authority, Richard contends that the Family Court order giving Diane the exclusive right to settle the case did not void or dissolve the requirement that appellees would not settle without his approval. Also, without citing to any authority, appellee contends that the Family Court order divested Richard of any lawful right or authority to either approve or object to this settlement offer, making his objections to this settlement a nullity. Appellees also argue that Disciplinary Rule of Professional Conduct 1.02(a)(2) in effect provides them with an affirmative defense because the Family Court order served as express authorization by law permitting appellees to act pursuant to Diane's directives.

The construction litigation was an asset of the community during the divorce proceedings. The Family Court exercised its broad discretion in temporarily ordering Diane to have the sole authority to settle the litigation for $90,000.00. Although not a traditional contract modification, the Family Court order in this divorce setting negated a finding of breach of contract. More importantly, when Richard asks for "fee forfeiture" for breach of contract, rather than for breach of fiduciary duty, damages are an essential element that Richard must prove. *Spera v. Fleming, Hovenkamp & Grayson, P.C.,* 25 S.W.3d 863, 873 (Tex.App.—Houston [14th Dist.] 2000, no pet.); *Scott v. Sebree,* 986 S.W.2d 364, 373 (Tex.App.—Austin 1999, pet. denied). Richard has not done this, and apparently cannot. His second point of error is overruled.

Having overruled both points of error, we affirm the judgment of the trial court.